387 So.2d 1336 (1980)
Manuella R. JOHNSON et al.
v.
Walter J. FOURNET et al.
No. 13524.
Court of Appeal of Louisiana, First Circuit.
July 7, 1980.
*1337 C. Jerome D'Aquila, New Roads, for plaintiffs-appellants Manuella R. Johnson and James W. Johnson.
R. Michael Caldwell, Baton Rouge, for defendants-appellees Walter J. Fournet and Aetna Life and Casualty.
Before EDWARDS, LEAR and WATKINS, JJ.
LEAR, Judge.
This is a suit for damages arising out of an automobile collision, which occurred on March 16, 1977. Plaintiff-appellants are husband and wife who filed suit against Walter J. Fournet and his liability insurer, Aetna Life & Casualty Company. Initially, *1338 appellants filed suit on March 14, 1978, alleging damages in the amount of $21,913.12.
Defendants, Fournet and Aetna, filed answer on May 10, 1978, denying all liability.
On May 29, 1979, plaintiff-appellants filed with leave of court a supplemental and amending petition alleging additional damages of some $82,500.00, and alleging that the same defendant, Aetna, was additionally liable under the provisions of a policy of insurance owned by plaintiff-appellant which provided uninsured and underinsured motorist coverage.
Defendant-appellee, Aetna, filed an exception of prescription as to the uninsured motorist claim in the amended petition. After a hearing involving argument on the pleadings, the trial court upheld the exception. That court held that La.R.S. 9:5629[1], which was enacted in 1978, limited the period of time in which plaintiff could assert an uninsured motorist claim and reckoned that eight and one-half months was a sufficient or reasonable time in which to allow plaintiff to assert an otherwise divested contractual right of action.
We are called upon to decide whether La.R.S. 9:5629 may be retroactively applied under the circumstances of this case. We think not and, accordingly, reverse.
In Lott v. Haley, 370 So.2d 521 (La.1979) our Supreme Court was confronted with the retroactive application of La. R.S. 9:5628: prescription in medical malpractice cases. Justice Marcus reasoned that:
"La.Civil Code art. 8 provides that `[a] law can prescribe only for the future; it can have no retrospective operation,. . ..' Likewise, La.R.S. 1:2 states that no statute is retroactive unless it is expressly so stated. According to this court's consistent interpretation, however, the general rule of prospective application applies only to substantive laws as distinguished from merely procedural or remedial laws which will be given retroactive effect in the absence of language showing a contrary intention. Ardoin v. Hartford Acc. & Indem. Co., 360 So.2d 1331 (La.1978); General Motors Acceptance Corp. v. [Anzelmo], 222 La. 1019, 64 So.2d 417 (1953). This jurisprudential rule is subject to the exception that procedural and remedial laws are not accorded retroactive effect where such retroactivity would operate unconstitutionally to disturb vested rights. Orleans Parish School Board v. Pittman Construction Co., 261 La. 665, 260 So.2d 661 (1972); Succession of Lambert, 210 La. 636, 28 So.2d 1 (1946); Shreveport Long Leaf Lumber Co. v. Wilson, 195 La. 814, 197 So. 566 (1940).
"It is well established that statutes of limitation are remedial in nature and as such are generally accorded retroactive application. State v. Alden Mills, 202 La. 416, 12 So.2d 204 (1943); Shreveport Long Leaf Lumber Co. v. Wilson, supra; DeArmas v. DeArmas, 3 La.Ann. 526 (1848). However, statutes of limitation, like any other procedural or remedial law, cannot consistently with state and federal constitutions apply retroactively to disturb a person of a pre-existing right. Orleans Parish School Board v. Pittman Construction Co., supra. Nonetheless, a newly-created statute of limitation or one which shortens existing periods of limitation will not violate the constitutional prohibition against divesting a vested right provided it allows a reasonable time for those affected by the act to assert their rights. Cooper v. Lykes, 218 La. 251, 49 So.2d 3 (1950); State v. Recorder of Mortgages, 186 La. 661, 173 So. 139 (1937). Moreover, the legislature is the judge of the reasonableness *1339 of the time and the courts will not interfere except where the time is so short as to amount to a denial of justice. Cooper v. Lykes, supra. Finally, where an injury has occurred for which the injured party has a cause of action, such cause of action is a vested property right which is protected by the guarantee of due process. Burmaster v. Gravity Drainage District No. 2 of the Parish of St. Charles, 366 So.2d 1381 (La.1978).
Then the court proceeded to set aside the lower court's ruling by holding that:
". . . La.R.S. 9:5628 is a statute of limitation in that it prescribes fixed time periods for institution of medical malpractice suits. According to the general rule, statutes of limitation are accorded retroactive application. However, in the instant case, La.R.S. 9:5628 operates to eliminate plaintiff's vested right to sue on his pre-existing cause of action without providing a reasonable period following its enactment to assert his claim. Absent such a provision, we conclude that La.R.S. 9:5628 cannot be retroactively applied in the instant case because to do so would divest plaintiff of his vested right in his cause of action in violation of the due process guarantees under the state and federal constitutions. The court of appeal erred in holding otherwise."
We hold that the above articulated rules are, analogously, equally applicable in interpreting and applying La.R.S. 9:5629.
Appellants also argue that, notwithstanding La.R.S. 9:5629, any prescription was effectively interrupted when Aetna was cited and served as the liability insurer of defendant, Fournet. Here Aetna was contractually bound to indemnify appellants under the uninsured motorist provision of their policy. Moreover, Aetna, unlike the insurer in Palmisano v. U.S.F. & G., 371 So.2d 386 (4th Cir., 1979), writs granted 364 So.2d 662 (1979), appeal dismissed per settlement, 376 So.2d 155 (La.1979), was properly pleaded as a defendant solidarily liable with Fournet. Though there appears to be merit in this argument as well, we need not reach that question as we are persuaded that La.R.S. 9:5629 may not be applied herein to divest a preexisting right.
For the foregoing reasons, the decision of the lower court is reversed and the cause remanded for further proceedings consistent herewith, appellee, Aetna Life & Casualty Company, to pay all costs of this appeal.
REVERSED AND REMANDED.
WATKINS, J., concurs and assigns reasons.
WATKINS, Judge (concurring).
An automobile collision occurred on March 16, 1977, which forms the basis of this suit. On March 14, 1978, plaintiffs filed suit against Walter J. Fournet and his liability insurer, Aetna Life & Casualty Co. On May 29, 1979, plaintiffs amended their petition to cite their own liability insurer, which by coincidence was also Aetna Life & Casualty Co., (Aetna) under the uninsured or underinsured motorists coverage of this liability policy.
Even if we assume that the two year prescriptive period for insurer under uninsured or underinsured motorists coverage applies by virtue of the newly enacted LSA-R.S. 9:5629, because plaintiffs in fact had a reasonable period in which to amend, still we believe that under LSA-R.S. 9:5801 which states that "(a)ll prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants . . ." by the commencement of the suit, the filing of suit against Aetna as liability insurer interrupted the running of prescription against Aetna under the uninsured motorist clause of plaintiffs' policy. The same cause of action was involved. Trahan v. Liberty Mutual Ins. Co., 314 So.2d 350 (La.1975), states, "The cause of action is the state of facts which give a party a right to judicially assert an action against the defendant." Here, the same set of facts and the same alleged tort, was involved in suing Aetna as *1340 liability insurer and uninsured motorist insurer. Aetna was clearly placed on notice by the filing of the original petition. One of the purposes behind enacting the two year prescriptive period for uninsured motorist suits is obviously to assure that insurers will be given notice of the alleged accident while the events are still fresh. That purpose was served by suing Aetna as Fournet's liability insurer. We know of no facts that Aetna would need to know to prepare the defense of which it would not have been apprised by plaintiffs' original petition. Hence we believe that the trial court was incorrect in upholding the exception of prescription, and in this belief are in agreement with the majority, although for different reasons.
NOTES
[1] § 5629. Uninsured motorist insurance claims

Actions for the recovery of damages, sustained in motor vehicle accidents brought pursuant to uninsured motorist provisions in motor vehicle insurance policies are prescribed by two years reckoning from the date of the accident in which the damage was sustained.