396 So.2d 525 (1981)
Lewis W. TILLEY, Plaintiff-Appellant,
v.
GOVERNMENT EMPLOYEES INSURANCE COMPANY et al., Defendants-Appellees.
No. 8117.
Court of Appeal of Louisiana, Third Circuit.
March 11, 1981.
Smith, Ford & Clark, S. Chris Smith, III, Leesville, for plaintiff-appellant.
Cabra, Leach & Tilley, William E. Tilley, Leesville, for defendant-appellant.
Hall, Lestage & Lestage, David R. Lestage, DeRidder, Simms, Tillman & Fontenot, F. Clay Tillman, Jr., Leesville, Stafford, Stewart & Potter, Russell L. Potter, Alexandria, John W. King, Baton Rouge, for defendants-appellees.
Before GUIDRY, CUTRER and LABORDE, JJ.
LABORDE, Judge.
This appeal arises out of an automobile accident which occurred on May 27, 1977, in *526 which plaintiff, Lewis W. Tilley, sustained personal injuries. On January 9, 1978, plaintiff sued Charles A. Brown, the alleged tortfeasor, and Brown's insurer, Government Employees Insurance Company. On April 1, 1970, plaintiff filed a supplemental and amending petition, adding its insurer, State Farm Automobile Insurance Company, as a defendant under the uninsured motorist provisions of the policy of insurance issued by State Farm to plaintiff.
State Farm filed an exception of prescription to plaintiff's uninsured motorist claim. The trial court sustained the exception and dismissed plaintiff's claim against State Farm.
Whether LSA-R.S. 9:5629[1] applies retroactively under the circumstances of this case is the issue on appeal.
The trial court held that LSA-R.S. 9:5629, effective July 1, 1978, as amended, limited the period within which plaintiff could bring an uninsured motorist claim to ten months and twenty seven days which was a sufficient or reasonable period of time to allow plaintiff to assert an otherwise divested contractual right of action.
We affirm the ruling of the trial court.
Plaintiff argues that on the date of the accident (May 27, 1977) the prescriptive period for actions under uninsured motorist policies was ten (10) years. LSA-C.C. art. 3544. Under this article, plaintiff's claim against State Farm would prescribe May 27, 1987.
Under LSA-R.S. 9:5629, which became effective July 1, 1978, plaintiff's time for filing suit against State Farm would be reduced from May 27, 1987, to May 27, 1979a period of ten months and twenty seven days.
To apply the amended statute to the facts of this case, argues plaintiff, would unconstitutionally divest him of a vested substantive right. In support of his argument, plaintiff urges our adoption of the reasoning of our brothers of the First Circuit in the recent decision of Johnson v. Fournet, 387 So.2d 1336 (La.App. 1st Cir. 1980). The Johnson court relied on the interpretation given LSA-R.S. 9:5628, the medical malpractice prescription statute, in Lott v. Haley, 370 So.2d 521 (La.1979). In the Lott case, the Supreme Court held:
"La.Civil Code art. 8 provides that `[a] law can prescribe only for the future; it can have no retrospective operation,....' Likewise, La.R.S. 1:2 states that no statute is retroactive unless it is expressly so stated. According to this court's consistent interpretation, however, the general rule of prospective application applies only to substantive laws as distinguished from merely procedural or remedial laws which will be given retroactive effect in the absence of language showing a contrary intention. Ardoin v. Hartford Acc. & Indem. Co., 360 So.2d 1331 (La.1978); General Motors Acceptance Corp. v. Anzelmo, 222 La. 1019, 64 So.2d 417 (1953). This jurisprudential rule is subject to the exception that procedural and remedial laws are not accorded retroactive effect where such retroactivity would operate unconstitutionally to disturb vested rights. Orleans Parish School Board v. Pittman Construction Co., 261 La. 665, 260 So.2d 661 (1972); Succession of Lambert, 210 La. 636, 28 So.2d 1 (1946); Shreveport Long Leaf Lumber Co. v. Wilson, 195 La. 814, 197 So. 566 (1940).
It is well established that statutes of limitation are remedial in nature and as such are generally accorded retroactive application. State v. Alden Mills, 202 La. 416, 12 So.2d 204 (1943); Shreveport Long Leaf Lumber Co. v. Wilson, supra; DeArmas v. DeArmas, 3 La.Ann. 526 (1848). However, statutes of limitation, like any other procedural or remedial law, cannot consistently with state and federal *527 constitutions apply retroactively to disturb a person of a preexisting right. Orleans Parish School Board v. Pittman Construction Co., supra. Nonetheless, a newly-created statute of limitation or one which shortens existing periods of limitation will not violate the constitutional prohibition against divesting a vested right provided it allows a reasonable time for those affected by the act to assert their rights. Cooper v. Lykes, 218 La. 251, 49 So.2d 3 (1950); State v. Recorder of Mortgages, 186 La. 661, 173 So. 139 (1937). Moreover, the legislature is the judge of the reasonableness of the time and the courts will not interfere except where the time is so short as to amount to a denial of justice. Cooper v. Lykes, supra. Finally, where an injury has occurred for which the injured party has a cause of action, such cause of action is a vested property right which is protected by the guarantee of due process. Burmaster v. Gravity Drainage District No. 2 of the Parish of St. Charles, 366 So.2d 1381 (La.1978)."
The court, setting aside the lower court's ruling, then added:
"In the instant case, plaintiff's cause of action for damages vested on January 21, 1972, the date of Dr. Haley's alleged act of negligence giving rise to plaintiff's injuries. This was prior to enactment of La.R.S. 9:5628 which became effective September 12, 1975. Under the law in effect prior to that date, plaintiff's suit would have been timely filed. La.R.S. 9:5628 is a statute of limitation in that it prescribes fixed time periods for institution of medical malpractice suits. According to the general rule, statutes of limitation are accorded retroactive application. However, in the instant case, La. R.S. 9:5628 operates to eliminate plaintiff's vested right to sue on his pre-existing cause of action without providing a reasonable period following its enactment to assert his claim. Absent such a provision, we conclude that La.R.S. 9:5628 cannot be retroactively applied in the instant case because to do so would divest plaintiff of his vested right in his cause of action in violation of the due process guarantees under the state and federal constitutions. The court of appeal erred in holding otherwise."
The Johnson court, after reviewing the Lott case, concluded: "We hold that the above articulated rules are, analogously, equally applicable in interpreting and applying LSA-R.S. 9:5629."
We do not agree with the holding in the Johnson case. Rather, we adopt the trial judge's scholarly analysis of this issue. When presented with the same arguments by plaintiff on the trial level, the trial judge, after carefully reviewing the facts and the holding of the Supreme Court in Lott v. Haley, supra, concluded:
"The case now before the Court is distinguishable. Here the cause of action arose on May 27, 1977. In July of 1977 the statute shortening the period within which suit could be filed was adopted. By its own terms, the statute became effective July 1, 1978. As previously pointed out, Act 444 of 1977 was published in the official journal on August 8, 1977. A period of eight months and twenty-four days elapsed between publication and the effective date of the statute. Under the terms of the statute, plaintiff's suit would have been timely if it had been filed on May 27, 1979. Between May 27, 1979 and the date of publication of the act one year nine months and nineteen days elapsed. Although the writer might have approached the matter differently, the Legislature undoubtedly felt that allowing a lapse of approximately nine months within which persons affected by the act could assert their rights was adequate. As a matter of fact, the plaintiff here had a period of more than one year and nine months within which to assert his rights following the adoption of the act. The Legislature is properly the judge of the reasonableness of the time allowed. Although the result may be harsh, the writer is unable to say that the time was so short as to amount to a denial of justice."
*528 It is our view that the time period allowed by the Legislature within which persons affected by the LSA-R.S. 9:5629 could assert their otherwise divested contractual cause of action was adequate and reasonable and not in violation of the due process guarantees of the state and federal constitutions.
For the above and foregoing reasons the judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.
NOTES
[1] LSA-R.S. 9:5629 provides:

"Actions for the recovery of damages, sustained in motor vehicle accidents brought pursuant to uninsured motorist provisions in motor vehicle insurance policies are prescribed by two years reckoning from the date of the accident in which the damage was sustained."
Added by Acts 1977, No. 444, § 1, eff. July 1, 1978.