402 So.2d 779 (1981)
Gary EWING, Plaintiff-Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellee.
No. 8309.
Court of Appeal of Louisiana, Third Circuit.
July 30, 1981.
*780 Edward A. Kaplan, Alexandria and Wm. Henry Sanders, Jena, for plaintiff-appellant.
McLure & McLure, John G. McLure, Alexandria, for defendant-appellee.
Before CULPEPPER, STOKER and LABORDE, JJ.
STOKER, Judge.
This appeal involves an uninsured motorist claim by the plaintiff, Gary Ewing, against the defendant, State Farm Mutual Automobile Insurance Company, arising out of an accident which occurred on June 25, 1974. Plaintiff filed suit on August 12, 1980, more than six years after the date of the accident. The trial court sustained defendant's exception of prescription and dismissed plaintiff's suit. The plaintiff appeals. We affirm.
The sole issue on appeal is whether LSA-R.S. 9:5629[1] applies retroactively under the circumstances of this case.
The plaintiff argues that on the date of the accident (June 25, 1974) the prescriptive period for actions under uninsured motorists policies was ten years. LSA-C.C. art. 3544. Under Article 3544, plaintiff's claim against the defendant would prescribe June 25, 1984.
In enacting Act No. 444, of 1977, which was later designated as LSA-R.S. 9:5629, the Legislature provided that uninsured motorists claims are prescribed two years from *781 the date of the accident in which the damage was sustained. This act was published in the official journal of the State on August 8, 1977. The Legislature provided an effective date of July 1, 1978. The law did not become effective until more than ten months after publication. During this period of time plaintiff could have asserted his claim against the defendant without the claim being subject to an exception of prescription.
The plaintiff argues that to apply LSA-R.S. 9:5629 to the facts of this case would unconstitutionally divest him of a vested substantive right. In support of this contention, the plaintiff relies on Johnson v. Fournet, 387 So.2d 1336 (La.App. 1st Cir. 1980). The Johnson court in dealing with the issue of the retroactivity of LSA-R.S. 9:5629 relied on the interpretation given LSA-R.S. 9:5628, the medical malpractice prescription statute, in Lott v. Haley, 370 So.2d 521 (La.1979). In Tilley v. Government Employees Insurance Company, 396 So.2d 525 (La.App. 3rd Cir. 1981) we disagreed with the First Circuit's decision in Johnson.
Laws generally can prescribe only for the future and can have no retroactive application. LSA-C.C. art. 8. This general rule of prospective application applies only to substantive laws. Procedural or remedial laws will be given retroactive effect unless a contrary intention is shown by the Legislature or such retroactivity would operate to divest vested rights. Lott v. Haley, supra; Ardoin v. Hartford Accident & Indemnity Co., 360 So.2d 1331 (La.1978); Orleans Parish School Board v. Pittman Construction Co., 261 La. 665, 260 So.2d 661 (1972).
Statutes of limitation are remedial in nature and are generally accorded retroactive application. Lott v. Haley, supra; State v. Alden Mills, 202 La. 416, 12 So.2d 204 (1943); Shreveport Long Leaf Lumber Co. v. Wilson, 195 La. 814, 197 So. 566 (1940). Statutes of limitation cannot be applied retroactively to disturb vested rights. A statute of limitation which shortens an existing period of limitation does not violate constitutional prohibitions against the divesting of vested rights provided it allows a reasonable period for those affected by the act to assert their rights. Cooper v. Lykes, 218 La. 251, 49 So.2d 3 (1950); State v. Recorder of Mortgages, 186 La. 661, 173 So. 139 (1937).
In Lott v. Haley, supra, the Supreme Court, although it recognized that statutes of limitation are generally accorded retroactive effect, held that the medical malpractice prescription act did not have retroactive effect because under the circumstances of that case the law would operate "to eliminate plaintiff's vested right to sue on his pre-existing cause of action without providing a reasonable period following its enactment to assert his claim."
Our decision in Tilley, supra, contrary to the decision in Johnson, supra, held that the Legislature by providing over ten months from the date of publication of Act 444 of 1977 until its effective date, allowed a reasonable period following enactment to permit those persons affected by LSA-R.S. 9:5629 to assert their claims.
We, therefore, hold that under the circumstances of this case, LSA-R.S. 9:5629 is to be given retroactive effect and that the plaintiff's uninsured motorist claim is prescribed. The plaintiff did not file this suit until more than two years after the effective date of the statute and more than three years after its publication. Under the circumstances we cannot say that there is a denial of justice nor a violation of the due process guarantees of the state and federal constitutions.
For the foregoing reasons, the judgment of the trial court sustaining the defendant's exceptions of prescription and dismissing the plaintiff's suit is affirmed. All costs are assessed against the plaintiff-appellant.
AFFIRMED.
NOTES
[1] LSA-R.S. 9:5629 was added by Acts 1977, No. 444, § 1, and provides:

"Actions for the recovery of damages sustained in motor vehicle accidents brought pursuant to uninsured motorist provisions in motor vehicle insurance policies are prescribed by two years reckoning from the date of the accident in which the damage was sustained."