403 So.2d 853 (1981)
William HOEFLY and Joann C. Hoefly, Plaintiffs-Appellants,
v.
GOVERNMENT EMPLOYEES INSURANCE COMPANY, et al, Defendants-Appellees.
No. 14623.
Court of Appeal of Louisiana, Second Circuit.
August 25, 1981.
Rehearing Denied October 1, 1981.
Fayard & Snell by A.R. Snell, Bossier City, for plaintiffs-appellants.
Cook, Yancey, King & Galloway by Samuel W. Caverlee, Shreveport, for defendants-appellees, Margaret C. Lewiston and Government Emp. Ins. Co.
Nelson & Achee, Ltd. by Roland J. Achee, Shreveport, for defendant-appellee, Allstate Ins. Co.
Before HALL, MARVIN and JASPER E. JONES, JJ.
En Banc Rehearing Denied October 1, 1981.
HALL, Judge.
This suit arises out of an automobile accident which occurred on November 1, 1976 when plaintiff's automobile was struck by another automobile while plaintiff was getting out of her own car, resulting in serious injuries to the plaintiff. On October 12, 1977 plaintiffs filed suit against the owner of the other automobile, the mother of the minor driver of that automobile, and the mother's liability insurer, Government Employees Insurance Company. On September 5, 1980, almost four years after the accident and almost three years after suit was originally filed, plaintiffs filed an amended and supplemental petition naming Allstate Insurance Company, their uninsured motorist carrier, as a defendant and alleging that the owner of the other automobile was uninsured and that the insurance provided by Government Employees was insufficient to pay for all of the damages *854 sustained by plaintiffs. Allstate filed a peremptory exception of prescription which was sustained by the trial court on the basis of LSA-R.S. 9:5629 and this court's decision in Powell v. Allstate Insurance Company, 233 So.2d 38 (La.App. 2d Cir. 1970). From a judgment dismissing their suit against Allstate plaintiffs appealed. We affirm.
On appeal plaintiffs make the following assignments of error: (1) the trial court erred in failing to hold that an uninsured motorist carrier and a tort-feasor are solidarily liable unto the plaintiff-insured; therefore, the trial court erred in holding that prescription had not been interrupted by the timely filing of suit against the tort-feasor; and (2) the trial court erred in applying LSA-R.S. 9:5629 retroactively.
Plaintiffs argue that just as a tort-feasor and his liability insurer are solidarily liable unto the injured party, so too is the uninsured motorist insurer of the injured party solidarily liable with the tort-feasor. Because a suit brought against one of the debtors in solido interrupts prescription as to all, LSA-C.C. Art. 2097, plaintiffs argue that the filing of the suit against the tort-feasors interrupted prescription with regard to Allstate; therefore, the exception of prescription should have been overruled by the trial court.
Plaintiffs' argument has no merit. In Powell v. Allstate Insurance Company, supra, this court held that Allstate, the uninsured motorist carrier for the plaintiff, was liable to the plaintiff only in contract and was not considered to be liable in solido with the other defendants. Our holding in Powell was based upon the holding in Booth v. Fireman's Fund Insurance Company, 253 La. 521, 218 So.2d 580 (1968). The plaintiffs in that case filed suit against their own insurer under the uninsured motorist provision of their contract of liability insurance to recover damages resulting from a collision with an uninsured automobile which occurred two and one-half years before the petition was filed. In holding that the plaintiffs' cause of action against the uninsured motorist carrier was one arising in contract and not in tort the court made the following statements which are pertinent to the issues presented in this case:
"...The uninsured motorist provision closely resembles the policies of insurance which reimburse an insured for medical expenses or property damage resulting from an automobile accident. This action cannot be compared to that arising under our direct action statute by which suit may be brought directly against the insurer (indemnifier) of the tort feasor without making the tort feasor a defendant. The uninsured motorist provision is not insurance or indemnification for the uninsured motorist, and the insurer does not stand in the shoes of the uninsured motorist who is the tort feasor9....
"...The obligation of the uninsured motorist is not the obligation of the insurer under its insurance contract, and the tort feasor's right to claim extinguishment of the tort obligation through a plea of prescription does not inure to the benefit of the insurer. The ex delicto prescriptive period is personal to the tort feasor and those who derive their status from him. As previously noted, neither the law nor the policy intends to provide insurance for the uninsured tort feasor. Both the statute and the policy require the insured to act in a number of ways to preserve the tort feasor's obligation for the benefit of the insurer11 and therefore reflect the inimical interests of the insurer and the tort feasor. Sharing no interest in common and having no contractual or other relationship with the tort feasor, the insurer cannot urge the defense of one year's prescription.
"Plaintiffs' action against their own insurer under this policy provision is ex contractu and subject only to a plea of prescription of 10 years." (Footnotes omitted).
Although the court in Booth did not directly hold that the uninsured motorist carrier for an injured party is not liable in solido with the tort-feasor, we think the portions of the Booth opinion quoted above amply support that holding in Powell. An *855 uninsured motorist carrier is not liable in solido with the tort-feasor; therefore, the filing of suit against the tort-feasor and/or his liability insurer does not interrupt prescription against the uninsured motorist carrier of the injured party.
By their second assignment of error, plaintiffs argue that LSA-R.S. 9:5629 cannot be retroactively applied in this case because to do so would deprive plaintiffs of their vested property rights without due process of law since under prior law, plaintiffs would have had 10 years to bring suit against their uninsured motorist carrier. See Booth, supra. This statute, which was added by Act 444 of 1977, reads as follows:
"Actions for the recovery of damages sustained in motor vehicle accidents brought pursuant to uninsured motorist provisions in motor vehicle insurance policies are prescribed by two years reckoning from the date of the accident in which the damage was sustained."
Although Act 444 was enacted in 1977, the statute did not become effective until July 1, 1978. In support of their argument, plaintiffs rely on Johnson v. Fournet, 387 So.2d 1336 (La.App. 1st Cir. 1980), which held under the peculiar circumstances of that case that the statute creating the two-year prescriptive period could not be retroactively applied. Defendant Allstate, on the other hand, cites us to the recent Third Circuit case of Tilley v. Government Employees Insurance Company, 396 So.2d 525 (La.App. 3d Cir. 1981), which held that LSA-R.S. 9:5629 could be applied retroactively.
The courts in both Johnson and Tilley based their holdings upon the Supreme Court decision in Lott v. Haley, 370 So.2d 521 (La.1979). In Lott, the court held that LSA-R.S. 9:5628, which provides the statute of limitations on medical malpractice actions, was not to be applied retroactively. The court in Johnson found that LSA-R.S. 9:5629 was not substantially different from the statute confronting the court in Lott; therefore, the same rules regarding retroactivity applied and the same conclusion as reached by the court in Lott was mandated. The court in Tilley, on the other hand, found that the passage of Act 444 of 1977, enacting LSA-R.S. 9:5629, was substantially different from the act by which LSA-R.S. 9:5628 was enacted and that the basis upon which the court in Lott determined that LSA-R.S. 9:5628 should not be applied retroactively was not present in the Tilley case.
In Lott the court was dealing with a statute which was passed by the legislature in the summer session of 1975 and became effective on September 12 of that year. In holding that that statute could not be retroactively applied because to do so would divest an injured party of his vested property rights, the court made the following statements:
"It is well established that statutes of limitation are remedial in nature and as such are generally accorded retroactive application. State v. Alden Mills, 202 La. 416, 12 So.2d 204 (1943); Shreveport Long Leaf Lumber Co. v. Wilson [195 La. 814, 197 So. 566] supra; DeArmas v. DeArmas, 3 La.Ann. 526 (1848). However, statutes of limitation, like any other procedural or remedial law, cannot consistently with state and federal constitutions apply retroactively to disturb a person of a preexisting right.3 Orleans Parish School Board v. Pittman Construction Co. [261 La. 665, 260 So.2d 661] supra. Nonetheless, a newly-created statute of limitation or one which shortens existing periods of limitation will not violate the constitutional prohibition against divesting a vested right provided it allows a reasonable time for those affected by the act to assert their rights. Cooper v. Lykes, 218 La. 251, 49 So.2d 3 (1950); State v. Recorder of Mortgages, 186 La. 661, 173 So. 139 (1937). Moreover the legislature is the judge of the reasonableness of the time and the courts will not interfere except where the time is so short as to amount to a denial of justice. Cooper v. Lykes, supra. Finally, where an injury has occurred for which the injured party has a cause of action, such cause of action is a vested property right *856 which is protected by the guarantee of due process. Burmaster v. Gravity Drainage District No. 2 of the Parish of St. Charles, 366 So.2d 1381 (La. 1978)...." (Footnote omitted).
The court would not allow the retroactive application of LSA-R.S. 9:5628 because it operated to eliminate the plaintiff's vested right to sue on his preexisting cause of action without providing a reasonable period following its enactment to assert his claim.
Unlike the statute in the Lott case, LSA-R.S. 9:5629 did provide a period of time following the enactment of the statute in which an injured party could have asserted his claim against his uninsured motorist carrier. Act 444 of 1977 was passed during the summer session of the legislature but did not become effective until July 1, 1978. Like the court in the Tilley case, it is our view that the time period allowed by the legislature within which persons affected by LSA-R.S. 9:5629 could assert their otherwise divested contractual cause of action was adequate and reasonable and was not in violation of the due process guarantees of the state or federal constitutions. Accordingly, we hold that LSA-R.S. 9:5629 may be applied retroactively and, therefore, the trial court was correct in sustaining Allstate's exception of prescription on the basis of that statute. The views expressed in this opinion are in accord with the decision of the Supreme Court in Lott v. Haley, supra. Under the terms of the statute, plaintiffs' suit would have been timely if it had been filed on November 1, 1978. Plaintiffs had approximately nine months from the date the statute was enacted until the date it became effective in which they could have asserted their rights against their uninsured motorist carrier. Suit was not filed until more than two years after the effective date of the act. Plaintiffs failed to timely assert their rights against Allstate and, therefore, the judgment of the trial court must be affirmed.
For the reasons expressed in this opinion, the judgment of the trial court sustaining the peremptory exception of prescription is affirmed at the cost of plaintiffs-appellants.
Affirmed.