402 So.2d 311 (1981)
Nancy Lonardo REICHENPHADER
v.
ALLSTATE INSURANCE COMPANY.
No. 11930.
Court of Appeal of Louisiana, Fourth Circuit.
July 27, 1981.
Writ Granted September 28, 1981.
*312 Corey, Reed, Bethay, & Kogos, Edward J. Lassus, Jr., New Orleans, for plaintiff and appellant.
Drury & Lozes, Felicien P. Lozes, New Orleans, for defendant and appellee.
Before GULOTTA, GARRISON and CHEHARDY, JJ.
GARRISON, Judge.
This is an appeal from a judgment of the district court dismissing plaintiff's suit on an exception of prescription under R.S. 9:5629. From that judgment, which we affirm, plaintiff appeals.
On September 13, 1975, plaintiff, a guest passenger was injured in a "hit and run" accident. She sued on her uninsured motorist policy and suit was filed on February 27, 1980. On the date of the accident, the applicable prescriptive period was 10 years under C.C. Art. 3544. In 1977, however, the legislature passed Act No. 444 which limited the prescriptive period to 2 years. The effective date of Act No. 444 was July 1, 1978.
plaintiff contends that the trial judge committed an error of law when he applied R.S. 9:5629 (Act No. 444 of 1977) retroactively and granted defendant's exception of prescription, arguing that the retroactive application unconstitutionally divests her of a vested right. Defendant argues that when the legislature specified the effective date of Act No. 444 to be July 1, 1978 instead of September 9, 1977which was the effective date of the majority of the acts passed in the 1977 sessionthe additional time was meant to operate as a "reasonable time" exception so that the statute might be retroactively applied.
Plaintiff is correct in her contention that a cause of action is a vested property right. Where an injury has occurred for which the injured party has a cause of action, such cause of action is a vested property right which is protected by the guarantee of due process. Burmaster v. Gravity Drainage District No. 2 of the Parish of St. Charles, 366 So.2d 1381 (La.1978).
Plaintiff is also correct in her contention that some retroactive applications of procedural laws violate due process. Procedural and remedial laws are not accorded retrospective application where the retroactivity would operate to disturb vested rights inasmuch as this would be violative of due process under both U.S. Const. Amend. XIV and La. Const. Art. 1 § 2 (1974). OPSB v. Pittman Construction Co., 261 La. 665, 260 So.2d 661 (1972).
*313 However, the Louisiana courts have also held that where the statute provides a reasonable time in which to assert those rights, no due process violation occurs. A statute which shortens existing periods of limitations will not violate the constitutional prohibition against divesting a vested right so long as it provides a reasonable time for those affected by the act to assert their rights. Cooper v. Lykes, 218 La. 251, 49 So.2d 3 (1950); State v. Recorder of Mortgages, 186 La. 661, 173 So. 139 (1937); Lott v. Haley, 370 So.2d 521 (1979).
Thus the major issue before this court is whether a delayed effective date is a "reasonable time" allowance so that R.S. 9:5629, as amended by Act No. 444 of 1977, may be retroactively applied.
We note that there is a potential split among the circuits. In Johnson v. Fournet, 387 So.2d 1336 (La.App. 1st, 1980), our brethren on the First Circuit found that R.S. 9:5629 could not be retroactively applied. Although the majority opinion in the Johnson case did not discuss the delayed effective date aspect, Judge Watkins briefly noted, but did not discuss the "reasonable time" aspect in his concurrence.
In Tilley v. GEICO, 396 So.2d 525 (La. App.1981) the Third Circuit held that R.S. 9:5629 could be retroactively applied in that case, finding that plaintiff's time for filing suit under retroactive application was reduced from May 27, 1978 to May 27, 1979 or a period of 10 months and 27 days. Our brethren on the Third Circuit further stated as follows:
"We do not agree with the holding in the Johnson case, supra. Rather, we adopt the trial judge's scholarly analysis of this issue. When presented with the same arguments by plaintiff on the trial level, the trial judge, after carefully reviewing the facts and the holding of the Supreme Court in Lott v. Haley, supra, concluded:
'The case now before the Court is distinguishable. Here the cause of action arose on May 27, 1977. In July of 1977 the statute shortening the period within which suit could be filed was adopted. By its own terms, the statute became effective July 1, 1978. As previously pointed out, Act 444 of 1977 was published in the official journal of August 8, 1977. A period of eight months and twenty-four days elapsed between publication and the effective date of the statute. Under the terms of the statute, plaintiff's suit would have been timely if it had been filed on May 27, 1979. Between May 27,1979 and the date of publication of the act one year nine months and nineteen days elapsed. Although the writer might have approached the matter differently, the Legislature undoubtedly felt that allowing a lapse of approximately nine months within which persons affected by the act could assert their rights was adequate. As a matter of fact the plaintiff here had a period of more than one year and nine months within which to assert his rights following the adoption of the act. The Legislature is properly the judge of the reasonableness of the time allowed. Although the result may be harsh, the writer is unable to say that the time was so short as to amount to a denial of justice.'
It is our view that the time period allowed by the Legislature within which persons affected by the LSA-R.S. 9:5629 could assert their otherwise divested contractual cause of action was adequate and reasonable and not in violation of the due process of guarantees of the state and federal constitutions." (p. 5).
In the instant appeal, the accident occurred on September 13, 1975, hence under the prior prescriptive period of C.C. Art. 3544 the suit would have prescribed in 1985. Under the 2 year term of the statute, the case would prescribe on September 13,1977, however, delaying the effective date from September 9, 1977, until July 1, 1978, provided plaintiff with an additional 9 months and 21 days. We find that 9 months and 21 days constitute a "reasonable time."
For the reasons discussed, the judgment of the district court is affirmed.
AFFIRMED.