405 So.2d 1200 (1981)
Emmett D. TATE, et al.
v.
Linda L. REA, et al.
No. 14329.
Court of Appeal of Louisiana, First Circuit.
October 12, 1981.
*1201 Duncan S. Kemp, III, Hammond, for plaintiff-appellants Emmett D. Tate, Elmer H. Steward and Hugie Palmer.
William J. Wegmann, Jr., New Orleans, for defendant-appellee Linda L. Rea.
J. Rodney Ryan, Jr., Baton Rouge, for defendant-appellee Associated Indemnity Corp.
Tim A. Tullos, Baton Rouge, for defendant-appellee State Farm Mutual Ins. Co.
Before ELLIS, LOTTINGER and PONDER, JJ.
ELLIS, Judge.
This suit for personal injury damages emanates from a two-car collision which occurred on April 21, 1978. Plaintiffs are Emmett D. Tate, operator of one of the vehicles, and his two guest passengers, Elmer H. Steward and Hugie Palmer. Plaintiffs initially instituted suit on November 21, 1978, naming as defendants Linda L. Rea, the driver of the other vehicle, and her liability insurer, Fireman's Fund Insurance Company.
On August 15, 1980, almost two years and four months after the accident, plaintiffs filed an amending and supplemental petition which added Tate's underinsured motorist insurer, State Farm Mutual Insurance Company, as a defendant. State Farm responded to the supplemental petition by filing an exception of prescription. The trial court sustained the exception and dismissed State Farm as a defendant. Plaintiffs then perfected the instant appeal.
In sustaining the exception, the trial court relied upon Louisiana Revised Statute 9:5629, which provides:
"Actions for the recovery of damages sustained in motor vehicle accidents brought pursuant to uninsured motorist provisions in motor vehicle insurance policies are prescribed by two years reckoning from the date of the accident in which the damage was sustained."
This statute was enacted in July 1977, was published in the state's official journal on August 8, 1977, and became effective July 1, 1978. Hence, the accident which gave rise to the instant suit occurred subsequent to enactment and publication of the statute but prior to its effective date. If the provisions of the statute are retroactively applicable to this case, plaintiffs' cause of action against State Farm prescribed on April 21, 1980, and their supplemental petition, filed on August 21, 1980, was untimely. The trial court found that the statute should be applied retroactively and, accordingly, that plaintiffs' cause of action against State Farm had prescribed.
On appeal, plaintiffs contend that the trial court erred in sustaining State Farm's exception of prescription. In so contending, plaintiffs argue first that the retroactive application of the statute is unconstitutional in that it divests them of a vested right. In the alternative, plaintiffs assert that, even if the retroactive application of the statute is constitutional, their cause of action has not prescribed because prescription was interrupted by the filing of their original petition. This latter argument is based on the assumption that State Farm, as Tate's uninsured motorist insurer, is a solidary obligor with the original defendants, Rea and Fireman's Fund.
*1202 Addressing plaintiffs' latter argument initially, we note that plaintiffs rely on Louisiana Civil Code Article 2097 in support of their argument that filing suit against Ms. Rea and Fireman's Fund served to interrupt prescription against State Farm. We do not agree.
Before two or more persons may be liable in solido, they must each be responsible for the same debt. La. Civ. Code Art. 2092. From the very nature of uninsured motorist coverage, the insurer is not liable for the same debt as the tortfeasor and his insurer. See La.R.S. 22:1406. Accordingly, we reject plaintiffs' contention that prescription against State Farm was interrupted by the original filing of suit against Ms. Rea and Fireman's Fund.
Plaintiffs also contend that the trial court erred in applying Louisiana Revised Statute 9:5629 retroactively. Prior to the statute's enactment, it was jurisprudentially settled that the prescriptive period for uninsured motorist claims was ten years from the date of the accident. See Booth v. Fireman's Fund Insurance Company, 253 La. 521, 218 So.2d 580 (1968). As noted above, Louisiana Revised Statute 9:5629 reduces to two years the prescriptive period for such suits. If the statute is retroactively applicable to the instant case, plaintiffs' cause of action against State Farm has prescribed, since it was more than two years after the accident before State Farm was joined as a defendant.
It is the general rule that statutes of limitation are to be applied retroactively. Lott v. Haley, 370 So.2d 521 (La.1979): State v. Alden Mills, 202 La. 416, 12 So.2d 204 (1943). However, before it may be so applied, the statute must provide a reasonable period after enactment for the filing of suits based upon pre-existing causes of action. Lott v. Haley, supra. In Lott, the court considered the retroactive application of Louisiana Revised Statute 9:5628, which provides a three-year prescriptive period for the filing of medical malpractice suits. In recognizing the requirement for a grace period for instituting suit on extant causes of actions, the court stated the following:
"[I]n the instant case, La.R.S. 9:5628 operates to eliminate plaintiff's vested right to sue on his pre-existing cause of action without providing a reasonable period following its enactment to assert his claim. Absent such a provision, we conclude that La.R.S. 9:5628 cannot be retroactively applied in the instant case because to do so would divest plaintiff of his vested right in his cause of action in violation of the due process guarantees under the state and federal constitutions. The court of appeal erred in holding otherwise." 370 So.2d at 524.
In the recent case of Tilley v. Government Emp. Ins. Co., 396 So.2d 525 (La.App. 3rd Cir. 1981), the court applied the principles enunciated in Lott to a consideration of the retroactive application of Louisiana Revised Statute 9:5629. The court in Tilley indicated that the approximately nine months between publication of the statute and its effective date was a sufficient length of time to satisfy the requirements set out in Lott. The court also noted that plaintiff had a total of one year and nine months after publication of the statute to file his suit. The court then concluded that, under the circumstances of the case, the retroactive application of the statute was constitutional and did not deprive plaintiff of a vested right.
While not necessarily agreeing with the result reached in Tilley based upon the facts thereof, we do agree with the approach taken to resolve the issue. In the instant case, plaintiffs had approximately two years and eight months subsequent to publication of the statute to file their suit. Moreover, plaintiffs had approximately one year and ten months after the statute became effective to institute their action. Under the facts and circumstances presented herein, which represent a longer grace period than that which existed in the Tilley case, we conclude that plaintiffs had a reasonable period of time in which to file their suit. Accordingly, we hold that the trial court's application of Louisiana Revised Statute 9:5629 did not operate to divest plaintiffs of a vested right.
*1203 We are aware of our decision in Johnson v. Fournet, 387 So.2d 1336 (La.App. 1st Cir. 1980), which is cited by plaintiffs in their brief to this court. In Johnson we held that the retroactive application of Louisiana Revised Statute 9:5629 in that case would unconstitutionally divest plaintiff of a vested right, and, accordingly, we reversed the trial court's judgment sustaining an exception of prescription. However, we were careful to limit our holding in Johnson to the facts and circumstances of that case. The different result which we reach in the instant case is justified by the significantly longer period of time in which plaintiffs had to file their suit herein than that in Johnson.
For the foregoing reasons, the judgment of the trial court sustaining the exception of prescription is affirmed. Costs are assessed to plaintiffs-appellants.
AFFIRMED.