BOUTALL, Judge.
The driver and guest passenger of an automobile sue their respective uninsured motorist insurance carriers who respond with exceptions of prescription based on L.S.A.-R.S. 9:5629. The trial court maintained the exception on behalf of Commercial Union Insurance Company, dismissing plaintiffs’ petition, and they have appealed.
On March 28,1977, plaintiff Cheryl Dous-sat was a guest passenger in a vehicle being driven by plaintiff Courtney Egert which was involved in a collision. Suit was filed against the other driver and his insurer and was settled. On April 30, 1980, plaintiffs filed suit against Commercial Union Insurance Company, the uninsured motorist insurance carrier for the vehicle in which they were riding, and against Casualty Reciprocal Exchange Insurance Company, Dous-sat’s carrier. Both defendants filed exceptions of prescription based on L.S.A.-R.S. 9:5629 because plaintiffs’ suit was filed beyond the two year prescriptive period allowed by that section, added by Act. No. 444 of 1977 providing for a two year limitation of action reckoning from the date of the accident. The effective date of that section was set in the statute itself as July 1, 1978.
The sole issue on this appeal is whether or not L.S.A.-R.S. 9:5629 may be retroactively applied under the facts and circumstances of this case so as to bar plaintiffs’ cause of action against Commercial Union Insurance Company, the uninsured motorist carrier. Under the law in existence prior to the enactment of the statute, a ten year prescriptive period was applicable to the filing of such an action. The accident happened on March 28, 1977, and under that principle the suit would be timely filed. If the provisions of L.S.A.-R.S. 9:5629 apply, the last day for filing suit would have been March 27, 1979, and this suit, filed April 30, 1980, is filed too late.
In his reasons for judgment, the trial judge examined the issue very thoroughly and rendered a well-reasoned opinion in which he concluded that the law be retroac *163 tively applied and accordingly maintained the exception of prescription, dismissing plaintiffs’ suit against that insurer. Since the rendition of that judgment, the Court of Appeal for the First Circuit handed down its decision in the case of Johnson v. Fournet, 387 So.2d 1336 (La.App. 1st Cir. 1980), in which it was declared that the section could not be retroactively applied to bar an uninsured motorist claim arising out of an accident occurring prior to the effective date of the section. Conversely, our brothers of the Third Circuit handed down the case of Tilley v. Government Employees Insurance Company, 396 So.2d 525 (La.App. 3rd Cir. 1981), holding that Section 5629 could be retroactively applied. Our circuit has agreed with the principles announced in Tilley following it in the case of Reichenphader v. Allstate Insurance Company, 402 So.2d 311 (La.App. 4th Cir. 1981) applying the statute retroactively. Writs were granted by the Supreme Court of Louisiana in that case, but as of this date there has been no final decision handed down.
We follow our decision in Reichenphader and hold that L.S.A.-R.S. 9:5629 should be retroactively applied. Accordingly, we affirm the judgment of the trial court maintaining the exception of prescription on behalf of Commercial Union Insurance Company at appellant’s costs.
AFFIRMED.