WATKINS, Judge.
This is an action brought by Earl Dominguez against The Travelers Insurance Company and Allstate Insurance Company. Travelers and Allstate each filed an exception of prescription, which exceptions were sustained. Dominguez appealed. We affirm.
The sole question presented by this case is whether or not Act 444 of 1977, which took effect on July 1, 1978, and became LSA-R.S. 9:5629, may be retroactively applied to an accident that allegedly took place on June 9, 1977. R.S. 9:5629, which reduced the prescriptive period for filing an uninsured motorist action under a motor vehicle insurance policy from 10 years to 2 years, reads as follows:
“Actions for the recovery of damages sustained in motor vehicle accidents brought pursuant to uninsured motorist provisions in motor vehicle insurance policies are prescribed by two years reckoning from the date of the accident in which the damage was sustained.”
It is alleged that an automobile accident resulting in injury to Dominguez occurred on June 9, 1978, through the fault of J. D. Knight, an uninsured motorist. Defendants are Allstate, plaintiff’s uninsured motorist insurer, and Travelers, which provided uninsured motorist coverage on the vehicle plaintiff was driving at the time of the accident. Knight was not sued.
Act 444 of 1977 was enacted in July 1977, and published in the state’s official journal on August 8, 1977. The statute took effect on July 1, 1978. If the statute is given retroactive effect, the uninsured motorist claim prescribed on June 8,1979, or approximately a year and a half before suit was filed.
The general rules of this state regarding the retroactive application of state statutes are clearly and succinctly set forth in the following passage from Lott v. Haley, 370 So.2d 521 (La.1979), which denied LSA-R.S. 9:5628 (a wholly unrelated statute dealing with the prescriptive period for medical malpractice) retroactive effect:
“La. Civil Code art. 8 provides that ‘[a] law can prescribe only for the future; it can have no retrospective operation, .... ’ Likewise, La.R.S. 1:2 states that no statute is retroactive unless it is expressly so stated. According to this court’s consistent interpretation, however, the general rule of prospective application applies only to substantive laws as distinguished from merely procedural or remedial laws which will be given retroactive effect in the absence of language showing a contrary intention. Ardoin v. Hartford Acc. & Indem. Co., 360 So.2d 1331 (La.1978); General Motors Acceptance Corp. v. Anzelmo, 222 La. 1019, 64 So.2d 417 (1953). This jurisprudential *436 rule is subject to the exception that procedural and remedial laws are not accorded retroactive effect where such retroac-tivity would operate unconstitutionally to disturb vested rights. Orleans Parish School Board v. Pittman Construction Co., 261 La. 665, 260 So.2d 661 (1972); Succession of Lambert, 210 La. 636, 28 So.2d 1 (1946); Shreveport Long Leaf Lumber Co. v. Wilson, 195 La. 814, 197 So. 566 (1940).
It is well established that statutes of limitation are remedial in nature and as' such are generally accorded retroactive application. State v. Alden Mills, 202 La. 416, 12 So.2d 204 (1943); Shreveport Long Leaf Lumber Co. v. Wilson, supra; DeArmas v. DeArmas, 3 La.Ann. 526 (1848). However, statutes of limitation, like any other procedural or remedial law, cannot consistently with state and federal constitutions apply retroactively to disturb a person of a preexisting right. Orleans Parish School Board v. Pittman Construction Co., supra. Nonetheless, a newly-created statute of limitation or one which shortens existing periods of limitation will not violate the constitutional prohibition against divesting a vested right provided it allows a reasonable time for those affected by the act to assert their rights. Cooper v. Lykes, 218 La. 251, 49 So.2d 3 (1950); State v. Recorder of Mortgages, 186 La. 661, 173 So. 139 (1937). Moreover the legislature is the judge of the reasonableness of the time and the courts will not interfere except where the time is so short as to amount to a denial of justice. Cooper v. Lykes, supra. Finally, where an injury has occurred for which the injured party has a cause of action, such cause of action is a vested property right which is protected by the guarantee of due process. Burmaster v. Gravity Drainage District No. 2 of the Parish of St. Charles, 366 So.2d 1381 (La.1978).” (footnote omitted) (370 So.2d 521, 523-524)
In Johnson v. Fournet, 387 So.2d 1336 (La.App. 1st Cir. 1980), we held, under the facts of that ease in which the plaintiff had only some 7 or 8 months after the effective date of Act 444 of 1977 to file suit, that Act 444 could not be applied retroactively to cause the tolling of prescription. However, a more recent holding of this court, Tate v. Rea, 405 So.2d 1200 (La.App. 1st Cir. 1981) accorded Act 444 of 1977 retroactive application, as the Third Circuit had done in Tilley v. Government Employees Insurance Company, 396 So.2d 525 (La.App. 3d Cir. 1981), stating that sufficient time was permitted by the approximately nine months between enactment of R.S. 9:5629 (Act 444 of 1977) and its effective date to satisfy the requirements set out in Lott. Johnson v. Fournet was held to apply only to the facts of that ease.
Several recent cases decided by the Courts of Appeal also reached the result reached in Tate and Tilley. See Reichenphader v. Allstate Insurance Company, 402 So.2d 311 (La.App. 4th Cir. 1981); Ewing v. State Farm Mutual Automobile Insurance Company, 402 So.2d 779 (La.App. 3d Cir. 1981), and Hoefly v. Government Employees Insurance Company, 403 So.2d 853 (La.App. 2d Cir. 1981). Thus, it would appear Act 444 should be applied retroactively.
Dominguez contends, however, that his right to UM coverage exists by virtue of insurance contracts, and that to apply Act 444 retroactively is to unconstitutionally impair the obligation of contracts. However, enactment or amendment of a statute of limitations reducing the time in which an action in contract may be brought does not impair the obligation of contract if a reasonable time is permitted the litigant to file suit after enactment. Cooper v. Lykes, 218 La. 251, 49 So.2d 3 (La.1950); see also generally Constitutional Law, § 394, 16A C.J.S., pp. 79 et seq. With regard to Act 444 of 1977, it has repeatedly been held that a reasonable time was afforded the prospective litigant between the date of enactment of that statute and its effective date. Hence, the obligation of contract is not impaired by applying Act 444 retroactively.
Dominguez further contends that Lott is not applicable because it considered *437 the retroactivity of a prescriptive statute in a medical malpractice case, a tort claim, while the present case is based on insurance contracts. However, Lott bases its analysis upon a determination of whether or not vested rights are divested. A vested right to file an action is not deemed divested by a prescriptive statute if a reasonable time is permitted to file suit after enactment. No distinction is made between an action based on contract and an action for a tortious offense. Nor do we see a reason why a different rule should apply to a vested right created by contract from that applicable to a vested right created by tort. In either case, a reasonable time must be allowed after a prescriptive statute takes effect to file an action to enforce such a vested right. Furthermore, all four Circuits of this state’s Courts of Appeal have applied the Lott analysis to Act 444 in holding that Act shall be accorded retroactive application, that Act dealing with uninsured motorist claims, claims based upon contract.
We, therefore, conclude that the trial court acted properly in applying Act 444 retroactively to the present case and thus in sustaining the plea of prescription. The present action, furthermore, was not filed until January 20,1981, some two and a half years after the effective date of the statute and three and a half years after the enactment of the statute. This is clearly an unduly long delay.
The judgment of the trial court is affirmed, at appellant’s cost.
AFFIRMED.