YELVERTON, Judge.
Appellant, Alice Marie Thompson Jones, appeals a trial court dismissal of her suit in which she attempted to establish filiation by informal acknowledgment. The suit was dismissed on the basis of prescription. She contends that the prescription law found applicable by the trial court is uneon- *962 stitutional and that, in any event, any applicable prescription was interrupted on the facts of this case. Finding that the prescription law is not unconstitutional, and finding, further, that there was no interruption, we affirm.
Alice Marie Thompson Jones was born on October 14, 1941. Phillip Thompson, Jr., the alleged parent, died intestate on July 18, 1981. His father, Phillip Thompson, Sr., died in the 1950’s. The Succession of Phillip Thompson, Sr. was opened and Charlie Thompson and Edward Thompson, brothers of Phillip Thompson, Jr., were declared their father’s sole heirs by judgment rendered on August 26, 1982. His property consisted of a house and lot in Natchi-toches. In December 1982 the Thompson brothers sold the house and lot for $12,000 to Tom and Essie Bloodworth.
On May 31, 1983, Alice Marie Thompson Jones filed suit against her alleged uncles, Charlie Thompson and Edward Thompson, claiming that, as the daughter of Phillip Thompson, Jr., she was entitled to her father’s interest in this property. In this petition, the appellant sought to prove filiation by informal acknowledgment. The Bloodworths intervened and pleaded the prescription of La.Civil Code art. 209.
Article 209 has been amended four times recently, first by Act 549 of 1980, then by Act 720 of 1981, then by Act 527 of 1982, and most recently by Act 810 of 1984. It presently reads:
“A. A child not entitled to legitimate filiation nor filiated by the initiative of the parent by legitimation or by acknowledgment under Article 203 must prove filiation as to an alleged living parent by a preponderance of the evidence in a civil proceeding instituted by the child or on his behalf within the time limit provided in this Article.
“B. A child not entitled to legitimate filiation nor filiated by the initiative of the parent by legitimation or by acknowledgment under Article 203 must prove filiation as to an alleged deceased parent by clear and convincing evidence in a civil proceeding instituted by the child or on his behalf within the time limit provided in this Article.
“C. The proceeding required by this Article must be brought within one year of the death of the alleged parent or within nineteen years of the child’s birth, whichever first occurs. This time limitation shall run against all persons, including minors and interdicts. If the proceeding is not timely instituted, the child may not thereafter establish his filiation, except for the sole purpose of establishing the right to recover damages under Article 2315. A proceeding for that purpose may be brought within one year of the death of the alleged parent and may be cumulated with the action to recover damages.
“D. The right to bring this proceeding is heritable.”
Conceding that her age, the date of death of her alleged father, and the date the suit was filed, show prescription on the face of her petition, Alice Marie Thompson Jones nevertheless argued in the trial court that (1) Civil Code art. 209 is unconstitutional for failing to give her adequate time to institute legal proceedings, and that (2) the prescription provided by Civil Code art. 209 was interrupted by the actions of Charlie and Edward Thompson when they promised and led her to believe that they were going to share the estate of Phillip Thompson, Sr. with her.
For purposes of the exception, the trial court admitted stipulations which covered all of the evidence that would have been presented by all parties in the case. This evidence included testimony that plaintiff’s uncle, Charlie Thompson, had always told appellant that after her father’s death he would see that she got her portion of any property to which her father was entitled.
The trial court rejected both the constitutional argument and the interruption of prescription contention. We find that the trial court was correct in both conclusions.
Under former Civil Code art. 209 as it was affected by Act 549 of 1980, acknowledged illegitimates were under no *963 compulsion to sue within a time frame to establish filiation. Succession of Clivens, 426 So.2d 586 (La.1983). Under the current provisions informally acknowledged children have to prove filiation. Act 720 of 1981 gave a party against whom prescription had already accrued until September 12, 1982, to file. In the present ease the alleged parent died on July 18,1981. Thus, appellant had until September 12, 1982, to file. The grace period provision of Act 549 of 1980, which first amended article 209, was perhaps constitutionally infirm because of its ambiguities. See Succession of Clivens, supra. No such ambiguity has been pointed out, however, and we can find none, in the present version of the article created by the second amendment, Act 720 of 1981, which is applicable to the present case. The only attack on the constitutionality of the article that appellant has made is the simple assertion that it failed to give her adequate notice of her right to institute legal proceedings. She has cited no case, and we have found none, holding that a one-year grace period is a constitutionally insufficient period of time to extend the rights of persons otherwise affected by a new prescription law. The passage of a new statute of limitations giving a shorter time for the bringing of actions than existed before does not necessarily affect the remedy to such an extent as to be an unconstitutional impairment of contracts, provided a reasonable time is given for the bringing of such actions. Reichenphader v. Allstate Ins. Co., 418 So.2d 648 (La. 1982). In Reichenphader, an approximate 10 month period was deemed a reasonable time. See also Dominguez v. Travelers and Allstate Ins. Co., 415 So.2d 434 (La. App. 1st Cir.1982), writ denied 420 So.2d 174 (La.1982); Ewing v. State Farm Mut. Auto. Ins. Co., 402 So.2d 779 (La.App. 3rd Cir.1981); and Tilley v. Government Emp. Ins. Co., 396 So.2d 525 (La.App. 3rd Cir. 1981). In Tilley, supra, this court held that the Legislature by providing over ten months from the date of publication of an act creating a new prescription period until its effective date, allowed a reasonable period of time following the enactment to permit those persons affected by it to assert their claims. In the present case we find the one year grace period granted by Act 720 of 1981 a reasonable period of time to permit persons affected by article 209 to assert their claims.
Appellant’s second attack on the trial court judgment is, again, that the prescriptive period was interrupted by the promises of her uncle, Charlie Thompson, to give her her share. We have again been pointed to no authority indicating that a recognition by others of a person’s filiation constitutes an interruption of the prescriptive period provided in Article 209.
Louisiana jurisprudence has recognized a limited exception to the running of prescription where in fact and for good cause a plaintiff is unable to exercise a cause of action when it accrues; the exception is founded on the ancient civilian doctrine of contra non valentem agere nulla currit praescriptio — prescription does not run against a person unable to bring an action. Corsey v. State Dept, of Corrections, 375 So.2d 1319 (La.1979). It is on this doctrine that appellant apparently relies. Of the several categories of situations to which the principle contra non valentem applies, the following merits discussion in the present case: “Where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action.” See Corsey, 375 So.2d, at 1321.
Such a case was West v. Gajdzik, 425 So.2d 263 (La.App. 3rd Cir.1982), writ denied 428 So.2d 475 (La.1983), where this court said:
“The doctrine of contra non valentem has been applied to cases wherein defendant has concealed the fact of the offense or has committed acts (including concealment, fraud, misrepresentation, or other ill practices) which tend to hinder, impede, or prevent the plaintiff from asserting his cause of action, as long as plaintiff’s delay in bringing suit is not wilful or the result of his own negligence. Nathan v. Carter, 372 So.2d 560 (La.1979); Cartwright v. Chrysler Cor *964 poration, supra [255 La. 597, 232 So.2d 285 (1970)]; Hyman v. Hibernia Bank & Trust Co., 139 La. 411, 71 So. 598 (1916); Dufrene v. Tracy, 232 La. 386, 94 So.2d 297 (1957); Ayres v. New York Life Ins. Co., 219 La. 945, 54 So.2d 409 (1951). The equitable nature of the circumstances in each individual case has determined the applicability of the doctrine. Nathan v. Carter, supra; Dagen-hart v. Robertson Truck Lines, Inc., 230 So.2d 916 (La.App. 1 Cir.1970).”
We will accept as a fact that the plaintiff relied on the representations made by her uncle, Charlie Thompson, in the terms of the stipulation that he “always promised that after her father, Phillip Thompson, Jr., died that he would see that she got her portion of any property that her father was entitled to.” Her alleged father died on July 18, 1981. In March 1983 she learned that her uncles had allegedly sold property that formerly belonged to Phillip Thompson, Sr. and had not given her any sum of money representing her father’s portion of the succession of her grandfather. It was not until then that she sued to establish her filiation.
We are unable to see how the doctrine of contra non valentem can apply to these facts. In the present suit we are not concerned with the succession proceeding initiated by Charles and Edward Thompson, but rather a filiation proceeding initiated by plaintiff to show her filiation to the deceased Phillip Thompson, Jr. Although the uncle’s representation may have tended to hinder or impede plaintiff in seeking her rights in the succession proceeding, we find no reason why such a representation would hinder or impede her from initiating her filiation action. The filiation proceeding is a separate and distinct cause of action from the succession proceeding.
Further, even assuming that such a promise made by Charlie Thompson could interrupt the prescriptive period under Civil Code art. 209, the representation made by the uncle, which the plaintiff alleges she relied upon, appears to have been made prior to her alleged father’s death. Her alleged father died on July 18, 1981, and this present action was not initiated until May 31, 1983. Therefore the prescriptive period had still expired at the date of filing suit.
For the foregoing reasons the judgment of the district court is affirmed, appellant to pay costs of this appeal.
AFFIRMED.