418 So.2d 648 (1982)
Nancy Lonardo REICHENPHADER
v.
ALLSTATE INSURANCE COMPANY.
No. 81-C-2066.
Supreme Court of Louisiana.
July 6, 1982.
Rehearing Denied September 3, 1982.
Edward J. Lassus, Jr., Corey, Reed, Bethay & Kogos, New Orleans, for applicant.
Felicien P. Lozes, Lozes & Lozes, New Orleans, for respondent.
DENNIS, Justice.
This case hinges on whether a new statute of limitations shortening the time for bringing an action pursuant to uninsured motorist coverage provided a reasonable period for a suit to be filed on a preexisting action. Plaintiff, Nancy Lonardo Reichenphader, was injured on September 13, 1975, *649 while she was a guest passenger in an automobile which was struck by a hit and run driver. She brought this suit against her uninsured motorist carrier on February 27, 1980. The trial court held that plaintiff's action was barred by Act 444 of 1977, which added La.R.S. 9:5629 shortening the applicable prescriptive period from ten years to two years but delaying the effective date of the new rule until July 1, 1978.[1] The court of appeal affirmed, holding that the delay of the act's effective date provided a reasonable time for plaintiff to assert her rights. Reichenphader v. Allstate Ins. Co., 402 So.2d 311 (La.App. 4th Cir. 1981). We affirm.
The legislature is prohibited from enacting a law impairing the obligation of contracts. U.S.Const. art. 1, § 10; La. Const. 1974, art. 1, § 23. The passage of a new statute of limitations giving a shorter time for the bringing of actions than existed before, even as applied to actions which have accrued, does not necessarily affect the remedy to such an extent as to impair the obligation of the contract within the meaning of the constitution, provided a reasonable time is given for the bringing of such actions. McGahey v. Virginia, 135 U.S. 662, 34 L.Ed. 304 (1889) Cooper v. Lykes, 218 La. 251, 49 So.2d 3 (1950); Atchafalaya Land Co. v. F. B. Williams Cypress Co., 146 La. 1047, 84 So. 351 (1920); McNamara v. Marx, 136 La. 159, 66 So. 764 (1914); cf. Lott v. Haley, 370 So.2d 521 (La.1979).
After the promulgation of a law, each person is charged with knowledge of it. La.C.C. art. 7. All laws are considered to be promulgated at the place where the state gazette is published, the day after the publication of such laws in the state gazette, and in all other parts of the state, thirty days after the publication. Id. art. 6. All laws must be published before they take effect, which shall occur on the sixtieth day after final adjournment of the session in which they are enacted, unless the legislature specifies an earlier or later effective date. La.Const. art. 3, § 19. See, generally, Yiannopoulos, Louisiana Civil Law System, § 39 (1977); The Work of the Louisiana Legislature for the 1976 Regular Session, 37 La.L.Rev. 89, 93 (1976).
Since promulgation of a statute charges citizens with notice of its existence, the promulgation of Act 444 of 1977 implicitly granted time for filing suit to persons whose actions would prescribe between its promulgation on August 8, 1977 and its effective date on July 1, 1978 and gave them notice thereof. Accordingly, the plaintiff, whose action would have prescribed under the new law on September 13, 1977, was charged with knowledge that she had until July 1, 1978 to file suit. The additional period given for filing of plaintiff's suit was reasonable, and her action prescribed when she failed to bring it within this time.[2]
AFFIRMED.
CALOGERO, J., concurs.
DIXON, C. J., dissents with reasons.
LEMMON, J., dissents and will assign reasons.
*650 DIXON, Chief Justice (dissenting).
I respectfully dissent.
If an act is not effective until July 1, 1978, it should have no effect until July 1, 1978. On that date plaintiff presumably had nearly seven years under the ten year prescriptive period to bring her action. She should have had at least two years from the effective date of the act to file suit, in which case it would have been timely.
NOTES
[1] La.R.S. 9:5629 was enacted by Act 444 of 1977 to read as follows:

Section 1. * * *
Uninsured motorist insurance claims
Actions for the recovery of damages sustained in motor vehicle accidents brought pursuant to uninsured motorist provisions in motor vehicle insurance policies are prescribed by two years reckoning from the date of the accident in which the damage was sustained.
Section 2. If any provision or item of this Act or the application thereof is held invalid, such invalidity shall not affect other provisions, items or applications of this Act which can be given effect without the invalid provisions, items or applications, and to this end the provisions of this Act are hereby declared severable.
Section 3. All laws or parts of laws in conflict herewith are hereby repealed.
Section 4. This Act shall become effective on July 1, 1978.
[2] For similar analyses, see Tilley v. Gov't Emp. Ins. Co., 396 So.2d 525 (La.App. 3d Cir. 1981); Hargrave, Developments in the LawLouisiana Constitutional Law, 1980-81, 42 La.L.Rev. 596, 601 (1982).