CARTER, Judge.
This appeal is from a judgment by the trial court maintaining an exception of prescription filed by Royal Indemnity Company, plaintiff’s uninsured motorist carrier. The question presented is whether an automobile accident victim’s uninsured motorist carrier is solidarily obliged with the tort-feasor so that the plaintiff’s timely suit against the tortfeasor interrupts prescription as to the uninsured motorist carrier.
On March 19, 1977, Raymond Allen, appellant herein, was involved in an automobile accident in which he was injured. On August 1, 1977, Allen filed suit against Sylvester Smith, the driver of the other vehicle, for damages for personal injuries received in the accident. On September 11, 1978, Allen filed an amended petition in which he brought in as a defendant U. S. Suzuki Motor Corporation, the manufacturer of the motorcycle which Allen was driving at the time of the accident. Allen asserted in his petition that his injuries were caused by the joint and solidary negligence of Sylvester Smith, Jr. and U. S. Suzuki Motor Corporation. Suzuki’s liability is not before this court.
On November 26, 1980, Allen filed his second amended petition, naming as additional defendants United States Fidelity and Guaranty Company, liability insurer of *1268 Smith, and, alternatively, Royal Indemnity Company (incorrectly sued as Royal-Globe Insurance Companies), Allen’s uninsured motorist insurer. Royal filed an exception stating that the cause of action had occurred more than two years prior to the commencement of the action against it, and, therefore, had prescribed under La. R.S. 9:5629.[1] On May 15, 1981, judgment was rendered maintaining the exception of prescription and dismissing the suit against Royal Indemnity Company.
Plaintiff appeals with two assignments of error. Because of the disposition of assignment of error, no. 2, it is not necessary to discuss the first assignment.[2]
ASSIGNMENT OF ERROR NO. 2
Plaintiff urges that he should have been allowed to amend his petition to allege soli-dary responsibility of Royal Indemnity Company, his uninsured motorist insurer, with the tortfeasor, who was timely sued. He argues that the exception of prescription filed by Royal Indemnity Company must be denied, since suit against one soli-dary debtor interrupts prescription as to all other solidary debtors. La.Civ.Code art. 2097.
A remand of the suit to allow plaintiff to amend his petition is unnecessary. Whether or not prescription was interrupted can be determined from the face of the pleadings. In accordance with the recent Supreme Court decision of Hoefly v. Government Employees Insurance Company, et al., 418 So.2d 575 (La.1982), we find that timely suit against the alleged tortfeasor, Sylvester Smith, Jr., interrupted prescription as to Royal Indemnity Company, plaintiff’s uninsured motorist carrier.
The Hoefly case arose out of an accident which occurred on November 1, 1976. Mrs. Hoefly was struck and injured as she was getting out of her own car by another automobile driven by a minor. On October 12, 1977, Mrs. Hoefly and her husband filed suit against the owner of the other automobile, the mother of the minor driver of that automobile, and the mother’s liability insurer. On September 5,1980, the Hoeflys filed an amended and supplemental petition naming Allstate Insurance Company, the Hoeflys’ uninsured motorist carrier, as a defendant, alleging that the owner of the car was an uninsured motorist and that the insurance provided by the mother’s liability insurer was insufficient to pay for all the damages. Allstate filed an exception of prescription based on La.R.S. 9:5629, which the trial court sustained. The Court of Appeal affirmed the judgment of the trial court, Hoefly v. Government Emp. Ins. Co., 403 So.2d 853 (La.App.2d Cir.1981). The Supreme Court, however, reversed those decisions and found that the Hoeflys’ timely and properly filed suit against the original defendants interrupted prescription as to Allstate.
The basis of the Court’s decision in Hoefly is that there is an obligation in solido on the part of the tortfeasor and the uninsured motorist carrier.
La.Civ.Code art. 2091 reads as follows:
“There is an obligation in solido on the part of the debtors, when they are all obliged to the same thing, so that each may be compelled for the whole, and when the payment which is made by one of them, exonerates the others toward the creditor.”
The court in Hoefly found that the tort-feasor and the uninsured motorist carrier *1269 are obliged to the same thing, that the tortfeasor and the uninsured motorist carrier each may be compelled for the whole, and that when payment is made by either, the other is exonerated toward the creditor as to the solidary obligation.
The Court further found that the obligation of the tortfeasor and uninsured motorist carrier results primarily from provisions of law, viz., the general rules of delictual responsibility, La.Civ.Code arts. 2315, et seq., and the uninsured motorist statute, La.R.S. 22:1406(D), and that, therefore, an obligation in solido exists by operation of law without requiring an express declaration. La.Civ.Code art. 2093.
Because of the solidary obligation, the tortfeasor and Allstate are debtors in solido. La.Civ.Code art. 2097 provides: “A suit against one of the debtors in solido interrupts prescription with regard to all.” Since the original filing of suit interrupted prescription against the owner of the other vehicle and her liability insurer, it also interrupted prescription against Allstate, the plaintiff’s uninsured motorist carrier.
The record in the instant case shows that the accident occurred on March 19, 1977. Suit was timely filed against the alleged tortfeasor on August 1, 1977. Royal Indemnity Company was named as a defendant in an amended petition filed on November 26, 1980. Had not Allen timely filed suit against Smith, his cause of action against Royal would have prescribed by virtue of La.R.S. 9:5629. Allen’s suit against Smith interrupted the running of prescription as concerns Royal, his uninsured motorist carrier.
For the above reasons, the judgment of the trial court is reversed and the case is remanded for further proceedings. Costs are assigned to appellee.
REVERSED AND REMANDED.

. La.R.S. 9:5629 reads as follows:
Actions for the recovery of damages sustained in motor vehicle accidents brought pursuant to uninsured motorist provisions in motor vehicle insurance policies are prescribed by two years reckoning from the date of the accident in which the damage was sustained.

. Plaintiff argued in his first assignment that the trial judge erred in giving retroactive application to a law. (La.R.S. 9:5629). It should be noted that the Louisiana Supreme Court has put this issue to rest in Reichenphader v. Allstate Insurance Company, 418 So.2d 648 (La.1982). In Reichenphader, the Court held that delay of the effective date of Act 444 of 1977 (La.R.S. 9:5629) provided a reasonable time for the plaintiff to assert her rights. Thus, La.R.S. 9:5629 was applied retroactively.