KLIEBERT, Judge.
This is a devolutive appeal brought by Elizabeth Kesler, plaintiff, from a judgment dismissing her claim against her uninsured motorist insurance carrier, State Farm Mutual Automobile Insurance Company, on an exception of prescription grounded in LA. R.S. 9:5629. The issue presented on appeal is whether the two year prescriptive period provided by R.S. 9:5629 applies under the facts of this case. The trial judge concluded that it did.
Ms. Kesler was involved in an automobile accident on May 6,1978. Three years later, on May 14, 1981, she filed suit against her insurance carrier, State Farm, for recovery of damages under the underinsured motorist provisions of her policy. Her petition alleged a compromise with the tort-feasor and his insurance carrier but contended her damages exceeded the coverage provided by the tort-feasor’s policy, hence, she sought recovery from her carrier pursuant to the underinsured motorist provisions of her policy.
In response, State Farm filed an exception of prescription grounded in R.S. 9:5629 which provides:
“Actions for the recovery of damages sustained in motor vehicle accidents brought pursuant to uninsured motorist provisions in motor vehicle insurance policies are prescribed by two years reckoning from the date of the accident in which the damage was sustained.
Added by Acts 1977, No. 444, § 1, eff. July 1,1978.”
Prior to July 1, 1979, the effective date of the statute, the prescriptive period applicable to plaintiff’s claim was the ten years prescription provided by La.C.C. Article 3544. Since the statute at issue here became effective after the date of the accident, i.e., May 6, 1978, the issue presented on appeal is whether the two year prescription provided in R.S. 9:5629 can be applied here.
Under the statute, the plaintiff’s cause of action prescribed on May 6, 1980. Thus, plaintiff had from the date of the accident, May 6, 1978 to May 6, 1980, in which to timely file her suit. She did not file the suit, however, until more than two years after the effective date of R.S. 9:5629. There is, therefore, no constitutional bar to the application of the statute. Pure and simple, it is a statute which merely shortens the existing periods of limitations and since plaintiff had a reasonable period of time to assert her rights, the application of the statute does not violate her constitutional rights. Reichenphader v. Allstate Insurance Company, 418 So.2d 648, (La.1982).
During oral arguments, counsel for appellant requested and we granted additional time for the parties to file supplemental briefs based on the Supreme Court’s ruling in Hoefly v. Government Employees Insur *458 ance Company, et al, 418 So.2d 575 (La.1982). The ruling of Hoefly was that the uninsured motorist insurance carrier has a solidary obligation with the tort-feasor, therefore, a suit against the tort-feasor interrupted prescription as to the insurer.
The briefs filed by both parties refer to the pleadings in and/or the filing of a suit by Kesler against the tort-feasor. Counsel for Kesler argues the suit interrupted prescription, hence, the suit was timely. On the other hand, counsel for State Farm argues the suit did not interrupt the prescriptive period, but even if it did, the settlement and dismissal of the suit with prejudice resulted in the discharge of State Farm and/or had the effect of destroying the interruption. The facts, i.e., the record of the suit against the tort-fea-sor, necessary to determine whether or not there was an interruption of the prescription, are not in the record before us, nor did the trial court have an opportunity to rule on the question of interruption. Accordingly, the case is remanded to the trial court for the purpose of taking evidence and ruling on whether there was an interruption of the prescriptive period provided by La.R.S. 9:5629. Each party to bear his own costs.
REMANDED.