463 So.2d 709 (1985)
Phyllis Scharff, wife of/and Louis M. STERN
v.
The KREEGER STORE, INC., d/b/a Kreeger's.
No. CA 2175.
Court of Appeal of Louisiana, Fourth Circuit.
January 11, 1985.
*710 Levy, Marx, Lucas & Rosen, William M. Lucas, Jr. and Lee W. Scharff, New Orleans, for appellants.
Harry A. Rosenberg, Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, for appellee.
Before KLEES, CIACCIO and WARD, JJ.
CIACCIO, Judge.
Plaintiff, Phyllis Stern, filed an action in redhibition and a suit for breach of contract arising from the sale of a mink jacket. The trial court dismissed the action in redhibition as prescribed and, after consideration of the merits, dismissed the plaintiff's action for breach of contract because the amount of damages recoverable for the breach of contract was equal to the amount attributable to the plaintiff's use of the jacket. We affirm the judgment of the trial court.
On October 25, 1977, Mrs. Stern went to the defendant's store where she spent several hours looking at mink jackets in the *711 Kreeger store where Ada Shegner leases space for its fur department. She had expressed her desire to purchase a natural ranch mink jacket. On this date she paid $1,837.50 for a jacket which was represented to her as being constructed of natural ranch mink. In 1980, Mrs. Stern first complained that the jacket had taken on a red color. In October, 1982 plaintiff again complained of the discoloration, which according to her, had become progressively worse. She was advised by the defendant that the problem was the result of oxidation. Plaintiffs sought the assistance of fur dealers in New Orleans and New York and in October, 1982 she was informed that her jacket was a dyed ranch mink jacket and not the natural ranch mink jacket that she had thought she had purchased. Thereafter Mrs. Stern and her husband attempted to see Mr. Kreeger, Jr. in order to resolve this matter. Mr. Kreeger did not meet with plaintiffs but sent his representative. Since the matter was not resolved, plaintiffs filed this suit on December 27, 1982.
The issues presented on appeal are: (1) Did the trial court err in catagorizing plaintiffs' suit as a redhibitory action rather than a suit for nullity? (2) Did the trial court err in finding that the seller acted in good faith? (3) Did the trial court err in granting the defendant an offset, for plaintiff's use of the jacket, as against any damages it owed for breach of contract?

Cause of Action
Plaintiffs contend that their suit is one of nullity of contract arising from fraud and not an action in redhibition as found by the trial court. C.C.Arts. 1847, 2520, 2547. Therefore, they reason that their suit is not prescribed, as the prescriptive period is ten years for cases of nullity of contract. C.C. Art. 2221.
An action for nullity of contract resulting from fraud is clearly distinguishable from an action in redhibition.
The Civil Code defines an action for nullity of contract resulting from fraud as follows:
Section 8Of the Nullity Resulting from Fraud C.C.Art. 1847 Fraud, definition; elements of fraud
Fraud as applied to contracts, is the cause of an error bearing on a material part of the contract, created or continued by artifice, with design to obtain some unjust advantages to the one party, or to cause an inconvenience or loss to the other....
Two elements are essential to constitute legal fraud: the intention to defraud and loss or damage or a strong probability of loss or damage. Automatic Coin Enterprises v. Vend-Tronics, 433 So.2d 766 (La.App., 5th Cir., 1983), writ den. 440 So.2d 756 (La., 1983), citing Buxton v. McKendrick, 223 La. 62, 64 So.2d 844 (La., 1953).
In support of their position that this is an action for nullity resulting from fraud, plaintiffs argue that this jacket was not the type of jacket it was represented to be and this misrepresentation and continued resistence of the defendant to remedy the situation constitutes fraud.
The record clearly supports the finding of the trial court that the "seller acted in good faith". That is, the sellers consistently expressed their opinion that the jacket they sold was constructed of natural ranch mink and that the problem with discoloration was the result of a process of oxidation. There was no evidence to indicate the defendant knew or had reason to know the fur was dyed and the discoloration resulted from this condition. The actions of the sellers in their original sale of the jacket and their continued erroneous theory regarding discoloration resulted from their belief that the jacket was as the Federally mandated tag indicated, namely, a "natural ranch mink" jacket.
The plaintiffs have failed to allege or prove the existence of fraud (i.e., the intention to defraud).
A review of the pleadings and evidence in this case clearly indicates a cause of action in redhibition.
That is, redhibition is defined as follows:

*712 C.C. Art. 2520. Redhibition, definition Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice.
A declaration made in good faith by the seller, that the thing which is sold possesses some quality which it is found not to possess, will give rise to an action in redhibition, if this quality was the principal motive for making the purchase. C.C. Art. 2529.
The plaintiff's petition states "... Petitioners have purchased an article of clothing with a redhibitory vice ..." (Par. VII). Moreover, the evidence was consistent with this allegation. That is, Mrs. Stern desired to purchase a mink jacket. She in fact bought a mink jacket, however it contained a vice, in that the jacket consisted of dyed and not natural mink. Plaintiffs' suit is clearly an action in redhibition.
Accordingly, since this is an action in redhibition and not an action for nullity of contract the prescriptive period is one year, not ten years as suggested by plaintiffs. C.C. Arts. 2221, 2534, 2546.

Seller's Status
Plaintiffs contend that the trial court erred in finding that the defendant was a good faith seller. Plaintiffs argue that under the provisions of The Fur Products Labeling Act, a fur is misbranded and deceptively invoiced if the dyed condition of the fur is not indicated. 15 U.S.C. 69. The Sterns thereby infer that this seller is in bad faith for failure to make such disclosures.
The Fur Products Labeling Act is a federal regulatory measure the provisions of which are not available to private litigants. See: 15 U.S.C. Sec. 45. See: Fulton v. Hecht, 580 F.2d 1243 (U.S., 5th Cir., 1979), footnote 2, reh. den. 585 F.2d 520, cert. den. 440 U.S. 981, 99 S.Ct. 1789, 60 L.Ed.2d 241 (1979).
Plaintiff next alleges that under Fair v. F.T.C., a case arising under the Fur Products Labeling Act, supra that since there was no guarantee from the manufacturer and the seller was possessed of the requisite skill and knowledge, he was required to discover all errors discernible by the exercise of ordinary diligence. 272 F.2d 609 (7th Cir., 1959).
For the reasons stated above we find that the Fair case supra is not applicable to the case under consideration. However, even assuming that Fair, supra, was applicable, it does not support the plaintiff's position that defendant had a duty to inspect and his failure to do so results in his bad faith. In that case, the court stated:
The Commissioner inferred a lack of good faith solely on the ground that the Fair was obligated to examine the labels, regardless of guarantee, and that the Fair was, therefore, responsible for all errors discernable, by exercise of ordinary diligence, to one possessed of the requisite skill and knowledge of the act and regulations. As indicated, it is our conclusion that no such duty has been imposed. Fair v. F.T.C., supra at 612
Finally plaintiffs argue that since Kreeger's placed an identifying label in the jacket that they stood in the place of the manufacturer and knowledge of the defect was imputed to them. In support of their position, the plaintiffs cite Penn v. Inferno Manufacturing Co., 199 So.2d 210 (La. App. 1st Cir., 1967), writ. ref. 251 La. 27, 202 So.2d 649. The Penn case, supra is distinguishable from the instant case. In Penn, supra the defendant was found to stand in the place of the manufacturer because the defendant assembled component parts and labeled the product as its own. In this case the defendant did not manufacture nor assemble the fur jacket, and no evidence was presented to the contrary. The plaintiffs have not proven that the defendant is a bad faith seller nor have they shown that defendant stands in the place of the manufacturer, to whom the knowledge of defect would be imputed. To the contrary the evidence supports the finding *713 that the defendant was a good faith seller.
In a redhibition case involving a good faith seller, the cause of action prescribes in one year from the date of the sale. C.C. Art. 2534.
Since the sale occurred on October 25, 1977 and suit was not filed until December 27, 1982, the court correctly concluded that the action in redhibition had prescribed.
Even assuming arguendo that the defendant was a bad faith seller, according to the testimony of Mrs. Stern, such an action in redhibition would also be prescribed. That is, an action in redhibition involving a bad faith seller prescribes in one year from the discovery of the redhibitory vice. C.C. Art. 2546.
According to Mrs. Stern, she began to notice the discoloration of her fur coat in 1980 and in 1981 she brought the jacket back to the store to complain. Although she discovered the defect in 1980, suit was not filed until December 1982. Accordingly, since approximately two years had elapsed from the time of discovery of the defect until the filing of suit, this action was prescribed.
Plaintiffs contend that even though Kreeger did not own the fur department they were liable as an agent for an undisclosed principal.
Mrs. Pat Robinson, the salesperson who handled the sale of the jacket to Mrs. Stern, testified that the fur department was leased by her employer, Ada Shegner & Co. of New York, from the defendant.
Ada Shegner is not a defendant in this suit. The evidence shows that the billings and receipt of payment for the purchase of this jacket were handled by Kreeger's. Assuming that Kreeger's was the agent of an undisclosed principal there is no evidence that Kreeger's had any knowledge other than that possessed by the principal in this transaction. In fact the evidence supports a finding that the seller (Kreeger's as agent for Ada Shegner & Co.) acted in good faith.

Offset
Finally, plaintiffs contend that the defendant is not entitled to an offset for their five years use of the jacket. Further, they allege that the trial court erred in determining that the use of the jacket was equal to the purchase price.
The assessment of damages for breach of contract is a matter within the sound discretion of the trial judge and such a decision will not be reversed absent a clear abuse of discretion. See: Arceneaux v. Domingue, 365 So.2d 1330 (La., 1978). Use of the thing sold and use of the price are regarded as equal in the absence of specific evidence by which to evaluate the use of the thing. See: White v. Martin GMC Truck, Inc., 359 So.2d 1094 (La.App., 3rd Cir., 1978).
The plaintiffs in this case did not present any evidence with regard to the current depreciated value of this jacket as compared to the current depreciated value of a natural mink jacket. Rather, the only fact with regard to valuation which is revealed by the record in this case is the fact that the jacket was purchased in 1977 for $1,837.50. We also know that the jacket was subject to Mrs. Stern's use for five years prior to the filing of suit (and an additional year from the time of filing until the trial.) Since no specific evidence was presented regarding the value of the use of the thing sold, we cannot say that the trial judge was clearly wrong in concluding that the damages due to the plaintiff for breach of contract were offset by the value attributable to the plaintiff's use of the jacket.
For the reasons expressed herein, the judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.
WARD and KLEES, JJ., concur.
WARD, Judge, concurring with reasons.
The evidence makes it clear to me that Mrs. Stern had a cause of action for recission of the contract of sale under Civil *714 Code Article 1845, because there was error of cause:
Article 1845
Error as to the other qualities of the object of the contract, only invalidates it, when those qualities are such as were the principal cause of making the contract.
It is obvious that Mrs. Stern bargained for a particular quality, a natural ranch mink jacket, and her principal cause in making the contract was to receive a natural ranch mink jacket, not a dyed mink jacket. However, despite the rule that we should construe pleadings liberally, Mrs. Stern cannot obtain relief under this cause of action because her counsel did not plead it, nor refer to it in the brief, and hence, Kreeger's had no opportunity to defend against it. Furthermore, while the plaintiff in an action to rescind a contract may obtain the purchase price, as the majority opinion, there is some authority in White v. Martin GMC Truck that an even offset between the value of the use of the object sold and its price may be presumed in the absence of specific evidence by which to evaluate the use.
Mrs. Stern had use of the coat for five years, although she had only full enjoyment of the coat for two years before she discovered the defect. However, there is no evidence of the expected life of a mink coat, and it cannot be said the presumption of offset has been rebutted.
KLEES, Judge, concurring with reasons.
I concur for the same reasons expressed by Judge Ward.