505 So.2d 954 (1987)
James ASHCRAFT, Plaintiff-Appellant,
v.
SOUTHERN PACIFIC TRANSPORTATION COMPANY, Defendant-Appellee.
No. 86-411.
Court of Appeal of Louisiana, Third Circuit.
April 8, 1987.
Rehearing Denied May 5, 1987.
*955 Larry P. Boudreaux, Thiboudaux, for plaintiff-appellant.
James J. Davidson, III, of Davidson, Meaux, Sonnier & McElligott, Lafayette, for defendant-appellee.
Before LABORDE, YELVERTON and CULPEPPER [*], JJ.
YELVERTON, Judge.
The sole issue on appeal is whether the trial court erred in granting Southern Pacific Transportation Company's exception of prescription.
The prescription facts are not in dispute. The car accident out of which the plaintiff's tort claim arose happened on September 19, 1983. He filed suit on September 20, 1985, making an uninsured motorist insurance claim against Southern Pacific Transportation Company. Southern Pacific filed an exception of prescription of two years based on La.R.S. 9:5629. This statute provides that actions against uninsured motorist carriers are prescribed by two years, reckoning from the date of the accident in which the damage was sustained. The trial court maintained the exception of prescription and dismissed the suit. The plaintiff appealed. We affirm.
In the computation of time allowed for the bringing of an action for damages, the date of the act, event or default after which the period begins to run is not to be included. La.C.C.P. art. 5059. The accident happened on September 19, 1983, and the running of prescription began on September 20,1983. The two-year prescriptive period expired midnight, September 19, 1985. The trial court properly concluded that the action had prescribed. See Reichenphader v. Allstate Ins. Co., 418 So.2d 648 (La.1982). The judgment is affirmed at appellant's costs.
AFFIRMED.
NOTES
[*] Judge William A. Culpepper, Retired, Judge Ad Hoc.