Overton A. CURRIE, et al.

v.

Kurt E. SCHON, et al.

Civ. A. No. 88–4587.

United States District Court,
E.D. Louisiana.

Feb. 9, 1989.

---

Lawrence W. DaGate, Patrick Johnson, Jr., Lemle, Kelleher, Kohlmeyer, Dennery, Hunley, Moss & Frilot, New Orleans, La., for plaintiffs.

Bruce C. Waltzer, New Orleans, La., for defendants.

## MEMORANDUM OPINION

DUPLANTIER, District Judge.

The plaintiffs, Overton A. Currie and Lavona S. Currie, bought several paintings from defendants Kurt E. Schon and Kurt E. Schon, E.A.I., Ltd. (collectively "Schon") on March 3, 1977, and on August 23, 1978. Subsequently, plaintiffs became dissatisfied with their purchases and filed suit against Schon on October 17, 1988. Plaintiffs allege that they were induced to purchase the paintings by Schon's misrepresentations regarding the quality of the artists, the value of the paintings, the extent to which the paintings would enhance in value, and Schon's expertise and record of past performance. Additionally, plaintiffs claim that the defendants breached their "obligation to resell the paintings on consignment." Plaintiffs' Memorandum in Opposition at 4. Before the court is defendants' motion to dismiss or for summary judgment on the ground that plaintiffs' causes of action have prescribed. Defendants also seek sanctions under Rule 11, Fed.R.Civ.P. For the following reasons, the motion for sanctions is DENIED, and the motion to dismiss or for summary judgment is GRANTED in part and DENIED in part.

We apply Louisiana law, jurisdiction being based upon diversity of citizenship. Initially, we address the issue of prescription of the plaintiffs' tort claims (for fraud, misrepresentation, negligence, etc.). Plaintiffs admit that they became aware of Schon's alleged misrepresentations in May of 1982. Consequently, we hold that plaintiffs' tort claims have prescribed because of the one-year prescriptive period for delictual actions. La.C.C. art. 3492.

Secondly, we cannot conclude that the plaintiffs' action for breach of the contract to sell on consignment has prescribed. According to plaintiffs, it was agreed at the sale of the paintings that Schon would resell the paintings on consignment after five years for a price consistent with the representations made to plaintiffs concerning the enhancement of the paintings' value over time. In addition, plaintiffs represent that agreements to sell the paintings on consignment were executed on November 3, 1981, and July 2, 1985. As defendants acknowledge, there is a ten-year prescriptive period for breach of contract actions. La.C.C. art. 3499. Thus, any breach of these agreements would fall within the prescriptive period.

Finally, we turn to plaintiffs' contractual claim that the sales were induced by fraud. The Civil Code provides two remedies for buyers who have been the victims of fraud: redhibition and nullity. Because the prescriptive periods for the two actions differ, we must, as a threshold matter, determine whether the plaintiffs' claim is to be viewed as one in redhibition or as one for the nullity of a contract.

Redhibition is "the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use is so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice." La.C.C. art. 2520. The Code specifically provides that redhibition is available where the seller fraudulently conceals a known vice, and in such cases the buyer may recover damages and attorneys' fees as well as restitution of the price and reimbursement of expenses. La. C.C. art. 2545.

The action for nullity based upon fraud of the seller is preserved as an alternative to redhibition in Civil Code Article 2547, which is found in the Section of the Civil Code on redhibition:

A declaration made by the seller, that the thing sold possesses some quality which he knows it does not possess, comes within the definition of fraud, and ought to be judged according to the rules laid down on the subject, under the title: *Of Conventional Obligations.*

At the time plaintiffs purchased the paintings from defendants, actions for nullity of contract resulting from fraud were governed by Civil Code Article 1847:

Fraud, as applied to contracts, is the cause of an error bearing on a material part of the contract, created or continued by artifice, with design to obtain some unjust advantages to the one party, or to cause an inconvenience or loss to the other.... [A] false assertion of the value or cost, or quality of the object, will constitute such artifice, if the object be one that requires particular skill or habit, or any difficult or inconvenient operation to discover the truth or falsity of the assertion.

While there may, of course, be an overlap of the two remedies in certain cases, *see, e.g., Kearney v. Maloney,* 296 So.2d 865 (La.App. 4th Cir.1975), "[a]n action for nullity of contract resulting from fraud is clearly distinguishable from an action in redhibition." *Stern v. Kreeger Store, Inc.,* 463 So.2d 709 (La.App. 4th Cir.1985). An action for nullity is the proper remedy when the seller has misrepresented the inherent value or quality of the object sold; redhibition, on the other hand, is available only if the object contains a "vice or defect." As explained by the French commentator Planiol in his treatise on the civil law, it is this distinction between the two remedies that accounts for the differing prescriptive periods:

it is very important to distinguish the redhibitory action founded on a concealed

vice, and the action in nullity because of an error as to substantial quality. The first prescribes in a very short time, the second prescribes in ten years (Art. 1304). If the law accords only a brief delay to act in the case of vice, it is because such vice has perhaps not always exhisted, and it may arise after the sale, in which case the vendor is not responsible, while the substantial quality of a thing does not change; it is inherent in its nature.

Planiol, The Civil Law § 1467.

■ In this case, the plaintiffs' only remedy is an action for nullity. The plaintiffs do not contend that there is anything "wrong" with the paintings. Their complaint concerns the quality and value of the paintings, rather than alleged defects in the paintings. As a result, the plaintiffs are entitled to the benefit of the nullity action's longer prescriptive period.

■ While it is clear that a nullity action does not prescribe as quickly as a claim in redhibition, it is not clear whether, in this case, the applicable prescription is ten years or five years. When plaintiffs purchased the paintings from defendants, two Code articles governed prescription of nullity actions. Article 3542 provided for five-year prescription, and Article 2221 established a ten-year prescriptive period. As noted by one commentator, "[t]he result was a confused, inconsistent line of jurisprudence." Comment, Revision of the Civil Code Provisions on Liberative Prescription, 60 Tul.L.Rev. 379, 397–98 (1985); see, e.g., Marshall v. Wells, 381 So.2d 551 (La.App. 2d Cir.1980). The uncertainty over the proper prescription for nullity actions was finally eliminated in 1980 when the legislature amended the conflicting articles. Following the passage of Act No. 308 of 1980, Article 2221, with its ten-year prescription, was the sole Code provision governing prescription of nullity actions.

In 1984, the legislature made another change. Effective January 1, 1985, Article 2221 was vacated and reenacted as Article 2032, and the ten-year prescription for nullity claims was reduced to five years. Act No. 331 of 1984, §§ 1 and 12. Thus, we must determine whether the plaintiffs' claim is governed by the present five-year limitation, which was in effect when the suit was filed, or by the former ten-year prescriptive period. For purposes of this discussion, we give plaintiffs the benefit of the doubt and assume, without deciding, that prior to 1980 nullity actions prescribed in ten years.

Act No. 331 of 1984 reduced the prescriptive period for nullity actions to five years. Section 12 of the Act delayed the effective date of the new prescriptive period until January 1, 1985, nearly six months after the date on which the statute became law. Act No. 331 of 1984, §§ 11 and 12. The legislature did not specify, however, whether, after the six-month delay, the Act should be applied retroactively. In the absence of explicit legislative intent to the contrary, we apply the general rule that statutes providing prescriptive periods are given retroactive effect. See La.C.C. art. 6; *Lott v. Haley*, 370 So.2d 521, 523 (La. 1979).

We are mindful that there are constitutional restrictions on the impairment of vested rights which can limit retroactive application of statutes of limitation. See *State ex rel. Hills, Inc. v. Recorder of Mortgages*, 186 La. 661, 173 So. 139 (1937). However, "[a] statute of limitations that allows a reasonable time for the assertion of a right or the enforcement of an obligation is not violative of the constitutional prohibition against divesting a vested right or impairing the obligation of a contract." *Cooper v. Lykes*, 218 La. 251, 49 So.2d 3, 5 (1950). "[T]he Legislature is the judge of the reasonableness of the time and the courts will not interfere except where the time is so short as to amount to a denial of justice." *Lott*, supra at 524.

In *Maltby v. Gauthier*, 506 So.2d 1190 (La.1987), the Louisiana Supreme Court refused to give retroactive effect to a statute shortening the prescriptive period applicable to medical malpractice claims. The court noted that, had the legislature provid-

ed for either a delay in the effective date of the statute or a grace period in which to assert vested rights, "the remaining question for the court would have been whether the period provided was a reasonable one." *Id.* at 1192. Here, we are concerned with the retroactive effect of a statute which *does* provide for a six-month delay in its effectiveness. Act No. 331 of 1984, § 12. Thus, we need only decide whether the delay "is so short as to amount to a denial of justice." *Lott,* supra at 524.

In *Cooper v. Lykes,* supra, the Louisiana Supreme Court upheld the retroactive application of a prescription statute which allowed a one-year grace period for the assertion of rights vested prior to passage of the statute. Similarly, in *Reichenphader v. Allstate Insurance Co.,* 418 So.2d 648 (La.1982), the Court held that an eleven-month delay in the effectiveness of a statute of limitation was sufficient to allow retroactive application of the statute. In light of these decisions, we conclude that the six-month delay in the effectiveness of Act No. 331 gives plaintiffs a reasonable time in which to assert vested rights. Consequently, we hold that retroactive application of Act No. 331 is not unconstitutional and that plaintiff's nullity action is therefore governed by a five-year prescription.

Plaintiffs admit that they became aware of Schon's alleged misrepresentations in May of 1982. Act No. 331 became law on July 2, 1984, but the new prescriptive period for nullity actions did not take effect until January 1, 1985. Thus, plaintiffs had six months notice of the statute before it became effective. In addition, assuming that prescription did not begin to run until May of 1982, plaintiffs had over two years to file suit even after the new act went into effect. Yet plaintiffs did not institute their action until October 17, 1988. Accordingly, we hold that the plaintiffs' nullity action is prescribed, the statute of limitations having run, at the latest, in May of 1987.

█ We now turn to defendants' motion for sanctions. Defendants contend that the plaintiffs and Peter J. Howard,

one of plaintiffs' attorneys, should be sanctioned for filing this litigation. According to defendants, sanctions are warranted because plaintiffs' causes of action are clearly time-barred. We do not agree. As is evidenced by this opinion, it is not at all "clear," except regarding plaintiffs' tort claims, that plaintiffs' causes of action have prescribed. More important, we would not impose sanctions on any litigant for filing an action which is later dismissed as prescribed. In Louisiana, prescription extinguishes only the remedy, not the underlying right itself. *Pounds v. Schori,* 377 So.2d 1195 (La.1979). Prescription will not bar judicial enforcement of an obligation unless affirmatively pleaded by the defendant. La.C.C.P. art. 927; *Succession of Thompson,* 191 La. 480, 186 So. 1 (1938). Hence, we would never impose sanctions on a plaintiff who seeks to enforce an alleged extant right, albeit that enforcement may be barred if the defendant chooses to plead prescription.