LANIER, Judge.
The petitioner, Marion Counterman, was charged by grand jury indictment with aggravated rape and aggravated burglary in violation of La.R.S. 14:42 and 60, respectively. After a trial by jury, he was found guilty as charged. For the aggravated burglary, he was sentenced to imprisonment in the custody of the Louisiana Department of Corrections (DOC) at hard labor for thirty years. For the aggravated rape, he was sentenced to be imprisoned in the custody of DOC at hard labor for life without benefit of parole, probation or suspension of sentence, which sentence is to run consecutively with the sentence for aggravated burglary. He was also sentenced to pay the actual cost of prosecution and, in default thereof, to serve an additional one year at hard labor in the custody of DOC.
PROCEDURAL FACTS
Counterman was convicted in January of 1983. On February 10, 1983, in the presence of his attorney, he was sentenced. After sentencing, the district court judge advised him that he had “a right to appeal the convictions and the sentences.”
A year later counsel for Counterman filed a motion for an “out-of-time” appeal alleging the “[djefendant recently informed this office on April 4, 1984, that he now desires to appeal.” On April 12, 1984, the district court granted the motion without a response from the State and without holding an evidentiary hearing. In State v. Counterman, 461 So.2d 664 (La.App. 1st Cir.1984), this court dismissed the appeal stating that the trial court was without authority or jurisdiction to grant an out-of-time appeal on an ex parte motion, a trial *663 court can only consider a request for an out-of-time appeal when it is presented in an application for post conviction relief, and the defendant was not precluded from seeking relief by proper application in the district court.
Counterman then filed an application with the Louisiana Supreme Court entitled “Motion and Order for Out of Time Appeal”. In May, 1985, the Supreme Court treated the application as one for certiorari and issued a writ of review. State v. Counterman, 467 So.2d 1122 (La.1985). Several months later the Supreme Court ordered the trial court to treat the out-of-time appeal as an application for post conviction relief with additional time allowed to amend the application. State v. Counterman, 475 So.2d 336 (La.1985).
The trial court subsequently granted post conviction relief and ordered an appeal entered. This court, at 491 So.2d 86 (La.App. 1st Cir.1986), certified the question of whether the appeal was proper to the Supreme Court. The Supreme Court, at 501 So.2d 766 (La.1987), ruled that the appeal was proper and noted that the state did not object to the district court’s granting an out-of-time appeal.
Counterman had also petitioned the trial court for the untranscribed portions of his trial record. This motion was denied on September 30, 1987. Two weeks later, this court at 515 So.2d 533 (La.App. 1st Cir.1987), considered the merits of Counterman’s appeal. We affirmed his conviction, but amended his sentence. (Counterman was no longer responsible for costs because he was indigent and had received the maximum sentence for each conviction.)
In 1988, Counterman applied to this court for a writ of mandamus seeking to have portions of his trial transcript furnished to him. We denied this request because the district judge informed this court that the transcript would be furnished. State v. Counterman, filed under KW-88-0566 (La.App. 1st Cir. April 9,1988). In August, 1988, Counterman reapplied to the district court for a transcribed copy of his court record. The district court denied this motion on October 26, 1988. On December 8, 1988, Counterman filed writs of certiorari and mandamus with this court seeking a transcribed copy of his record. We denied this application because Counterman should have proceeded under the public records law. State v. Counterman, filed under KW-88-1926 (La.App. 1st Cir. December 21, 1988). In 1989, Counterman applied again for his court records. This was denied by the district court in January, 1990,
In 1990, the legislature enacted La. C.Cr.P. art. 930.8 to limit the time allowed for filing applications for post conviction relief. This change was made effective October 1, 1990. La.C.Cr.P. article 930.8 allowed a grace period of one year for felons convicted before the passage of the law to file for post conviction relief. An application for post conviction relief was otherwise limited to three years unless certain exceptions applied.
Prior to August of 1991, Counterman applied to the district court for his trial records for the fourth time. When this motion was denied, he applied to this court for a writ of review. This writ was granted in part and denied in part. On September 13, 1991, the trial court was ordered to provide Counterman with copies of the voir dire examination and the closing and rebuttal arguments of the state. State v. Counterman, filed under KW-91-1550 (La.App. 1st Cir. October 25, 1991).
On October 10, 1991, Counterman filed with the trial court a “Motion for Extension of Time” requesting an additional 180 days within which to file an application for post conviction relief. On December 5, 1991, the district court denied this motion. In January, 1992, Counterman filed a writ of mandamus with this court asserting the trial transcript had not yet been furnished to him by the district court. Subsequently, Counterman filed an application for a writ of review with this court. On April 27, 1992, this court ordered that a writ of certiorari issue.
In his writ application, Counterman claims that he was given no notice of time limits in which to file for post conviction relief when sentenced, that La.C.Cr.P. art. *664 930.8 violates protected rights ex post facto, that he is entitled to his trial transcript and prosecution records, and that a stay order should be issued pending the outcome of trial proceedings challenging the constitutionality of La.C.Cr.P. art. 930.8.
CONSTITUTIONALITY OF THE TIME LIMIT FOR OBTAINING POST CONVICTION RELIEF
(Assignment of error number 1)
Counterman asserts that La.C.Cr.P. art. 930.8 is unconstitutional because it deprives him ex post facto of an unlimited time in which to file for post conviction relief and that he was not informed at sentencing of the prescriptive period limiting this relief.
Article 930.8 provides as follows:
A. No application for post conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than three years after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922, unless any of the following apply:
(1) The application alleges, and the petitioner proves or the state admits, that the facts upon which the claim is predicated were not known to the petitioner or his attorney.
(2) The claim asserted in the petition is based upon a final ruling of an appellate court establishing a theretofore unknown interpretation of constitutional law and petitioner establishes that this interpretation is retroactively applicable to his case, and the petition is filed within one year of the finality of such ruling.
(3) The application would already be barred by the provisions of this Article, but the application is filed on or before October 1, 1991.
(4) The person asserting the claim has been sentenced to death.
B. An application for post conviction relief which is timely filed, or which is allowed under an exception to the time limitation as set forth in Paragraph A of this Article, shall be dismissed upon a showing by the state of prejudice to its ability to respond to, negate, or rebut the allegations of the petition caused by events not under the control of the state which have transpired since the date of original conviction, if the court finds, after a hearing limited to that issue, that the state’s ability to respond to, negate, or rebut such allegations has been materially prejudiced thereby.
C.At the time of sentencing, the trial court shall inform the defendant of the prescriptive period for post conviction relief.
Counterman was tried and convicted in 1983 for aggravated rape and aggravated burglary. La.C.Cr.P. art. 930.8 was enacted in 1990. From the time of his conviction until 1990, a defendant had an unlimited amount of time to apply for post conviction relief. Therefore, Counterman could not have been advised at sentencing of any time limits because there were none.
Counterman claims that under La. Const, art. 1, § 23 and U.S. Const, art. 1, § 10 he should not be barred from seeking post conviction relief because of new time constraints. He argues that applying this law to him unconstitutionally deprives him of protection against laws passed after his conviction and final appeal.
Counterman relies on Collins v. Youngblood, 497 U.S. 37, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990) for the proposition that a “statute which punishes as a crime an act previously committed, which was innocent when done; which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with crime of any defense available according to law at the time when the act was committed, is prohibited as ex post facto.” Collins v. Youngblood, 497 U.S. at 42, 110 S.Ct. at 2719 (citing Beazell v. Ohio, 269 U.S. 167, 46 S.Ct. 68, 70 L.Ed. 216 (1925).
In Collins, the defendant challenged as ex post facto a provision of the Texas Code of Criminal Procedure which allowed Texas appellate courts to reform his improper verdict. This verdict had assessed a punishment not authorized by law. The new law allowed the courts to reform the ruling *665 rather than void the judgment and sentence and grant the defendant a new trial, as the previous law required. The court applied the new law retroactively. The statute was upheld because it created only a procedural change and did not alter the definition of the crime for which the defendant was convicted or increase the punishment resulting from that conviction.
The Texas statute allowing reformation of improper verdicts does not punish as a crime an act previously committed, which was innocent when done; nor make more burdensome the punishment for a crime, after its commission; nor deprive one charged with crime of any defense available according to law at the time when the act was committed. Its application to respondent therefore is not prohibited by the Ex Post Facto Clause of Art. 1, § 10.
Collins v. Youngblood, 497 U.S. at 52, 110 S.Ct. at 2724.
Similarly, La.C.Cr.P. article 930.8 does not impair Counterman’s right to a fair trial nor his right to be protected against unauthorized or excessive punishment.
In Lemmon v. Connick,[1] 590 So.2d 574 (La.1991), the Louisiana Supreme Court ruled that a criminal defendant cannot be denied access to his criminal files after his conviction becomes final and that post conviction relief is not criminal litigation within the meaning of the Louisiana Public Records Act. 590 So.2d at 575. The court, in Lemmon, cited with approval Harrison v. Norris, 569 So.2d 585 (La.App. 2nd Cir.), writ denied, 571 So.2d 657 (La.1990), in which the Second Circuit recognized that post conviction relief applications arise out of conviction and sentencing in criminal prosecutions, but that these applications are only available after appellate rights are exhausted. Post conviction relief is not designed to take the place of an appeal. Rather, it is a unique, hybrid action in the nature of a civil action which is placed in the Code of Criminal Procedure for uniformity, completeness, and convenience. Further, the trial court may allow use of some of the civil discovery procedures to summarily dispose of post conviction applications. 569 So.2d at 589-90. Post conviction relief actions do not fall within the meaning of “criminal litigation” as contemplated in the Public Records Act. 569 So.2d at 592.[2]
In Reichenphader v. Allstate Insurance Company, 418 So.2d 648, 649 (La.1982), the Louisiana Supreme Court discussed the passage of new statutes of limitations which shorten the time to bring actions as follows:
The passage of a new statute of limitations giving a shorter time for the bringing of actions than existed before, even as applied to actions which have accrued, does not necessarily affect the remedy to such an extent as to impair the obligation of the contract within the meaning of the constitution, provided a reasonable time is given for the bringing of such actions ....
After the promulgation of a law, each person is charged with knowledge of it. La.C.C. art. 7_
Since promulgation of a statute charges citizens with notice of its existence, the promulgation of Act 444 of 1977 implicitly granted time for filing suit to persons whose actions would prescribe between its promulgation on August 8, 1977 and its effective date on July 1, 1978 and gave them notice thereof. Accordingly, the plaintiff, whose action would have prescribed under the new law on September 13, 1977, was charged with knowledge that she had until July 1, 1978 to file suit. The additional period given for filing of plaintiffs suit was reasonable, and her action pre *666 scribed when she failed to bring it within this time.
(Citations omitted; footnote omitted)
The Supreme Court has ruled that prescriptive statutes which may potentially affect vested causes of action are valid where the legislature grants to the parties a time period in which to exercise their rights. This is implicitly accomplished where the legislature expressly provides for a delay in the effectiveness of the statute. The delay period must be reasonable. Holmes v. Baton Rouge Water Works Company, 558 So.2d 629 (La.App. 1st Cir.1990).
The provision in La.C.Cr.P. art. 930.8 for filing otherwise untimely applications by October 1,1991, clearly establishes that the Legislature intended the article to cover convictions that pre-date the adoption of the article. In Reichenphader, the Supreme Court determined that a ten month grace period was a reasonable time for persons adversely affected to assert their rights. The Legislature granted a year following the enactment of La.C.Cr.P. article 930.8 to permit persons affected by the time limitations to assert their claims. This one year grace period would not have been included in the law if the Legislature did not intend for this law to have retroactive effect. Furthermore, the legislature created the right of post conviction relief, and now it has limited the time in which application for that right may be sought.[3]
Counterman also argues that he received no notice upon sentencing of the time limit, as mandated by La.C.Cr.P. article 930.8(C). The trial court could not have notified him at sentencing of the time limits because these limits did not exist. Nevertheless, adequate notice was given to Counterman when the act was promulgated. The Supreme Court has held that after promulgation of a law, each person is charged with knowledge of it. Reichenphader v. Allstate Insurance Company, 418 So.2d at 649.
La.C.Cr.P. article 930.8 does not impair Counterman’s right to a fair trial nor make his punishment more burdensome ex post facto. The Legislature may shorten the statute of limitations to make application for this relief as long as a reasonable time is allowed for persons adversely affected to bring the action. Promulgation of a law is deemed adequate notice.
This assignment of error is without merit.
APPLICATION FOR TRIAL RECORD AND STAY ORDER
(Assignment of error number 2)
In his petition, Counterman asserts that on September 13, 1991, this court ordered the trial court to provide him with copies of the transcripts of the voir dire and the closing and rebuttal arguments of the state. The record is unclear whether he received the transcripts. As part of this argument, Counterman asserts that the lengthy lapse of time between the trial court’s refusal to provide the transcripts and the First Circuit’s order commanding their production evidences the unworkability of La.C.Cr.P. article 930.8.
Counterman may seek production of the trial and prosecution records under the Public Records Act. See La.R.S. 44:35. This court has already ordered that the trial court furnish the transcripts.
This assignment of error is without merit and no stay order is warranted.
DECREE
For the foregoing reasons, the writ of certiorari previously issued herein is denied.
WRIT OF CERTIORARI DENIED.

. Counterman cites this case as establishing his right to gain access to the prosecutor's files under the Public Records Act.

. The fourth circuit in Bizal v. Connick, 489 So.2d 343 (La.App. 4th Cir.), writ denied, 491 So.2d 10 (La.1986), held that the district attorney was not required to disclose his records to a convicted felon because there is reasonable anticipation of further criminal litigation by seeking post conviction relief. This case is in conflict with Harrison. The Supreme Court specifically disapproved of the holding of Bizal v. Connick in Lemmon v. Connick.

. If the legislature wishes, it may revoke the right to post conviction relief, just as it had the right to create the action.