WRIT DENIED.

Pursuant to LSA-C.Cr.P. Art. 930.8, petitioner’s claim for post-conviction relief was properly denied. Petitioner’s conviction became final in September 1988; his application for post-conviction relief should have been filed on or before October 1, 1991.
Further, petitioner’s claims alleging that LSA-C.Cr.P. Art. 930.8 cannot be retroactively applied to him are without merit. LSA-C.Cr.P. Art. 930.8 is not a prohibited ex post facto application of law — it does not operate to punish as a crime acts innocent when done, nor does it increase the punishment for crimes or reduce the defenses available to petitioner at the time the offense was committed. Collins v. Youngblood, 497 U.S. 37, 42, 110 S.Ct. 2715, 2719, 111 L.Ed.2d 30 (1990).
*632 Similarly, because post-conviction relief is analogous to a civil action (Harrison v. Norris, 569 So.2d 585 (La.App.2d Cir.1990); Lemmon v. Connick, 590 So.2d 574 (La.1991)), its retroactive application is permissible because the legislature provided a reasonable time in which such claims might be brought before they were foreclosed. Reichenphader v. Allstate Insurance Co., 418 So.2d 648 (La.1982).
Finally, in light of Louisiana’s generous scheme of post-conviction relief, a three-year time limitation is reasonable even when applied retroactively. See Murch v. Mottram, 409 U.S. 41, 93 S.Ct. 71, 34 L.Ed.2d 194 (1972) (upholding a state limitation on post-conviction relief requiring prisoners to assert all claims in a single proceeding). Our orderly post-conviction relief procedure provides several safeguards that protect applicants whose claims are not known or reasonably knowable before the time limit expires. This procedure ensures access to Louisiana courts for those with legitimate claims while reducing piecemeal litigation and dilatory or groundless claims. As did the Murch limitation, LSA-C.Cr.P. Art. 930.8 furthers these important interests. The legislature ensured protection of valid claims with LSA-C.Cr.P. Art. 930.8(A)(3) when it applied the time limitation retroactively; the interrelated protections should not be disturbed.